## JULIA T. SCHOONMAKER *vs.* INHABITANTS OF WILBRAHAM.

In an action, under the Gen. Sts. *c.* 44, § 22, to recover for injuries caused to a traveller driving in a carryall by an alleged defect in a highway, evidence that other persons drove at considerable speed, in other vehicles, over the place alleged to be defective, is not admissible to show either that the plaintiff was not in the exercise of due care, or that the place was not defective.

In an action, under the Gen. Sts. *c.* 44, § 22, to recover for injuries caused to a person being driven on a highway, by the defective condition thereof, evidence that a like condition existed on roads in the neighborhood, is not admissible for the purpose of showing want of due care on the part of the plaintiff or her driver, in the absence of evidence that either of them was familiar with such condition.

TORT to recover for personal injuries caused by a defect in a highway in Wilbraham, on which the plaintiff was being driven, and which the defendants were bound to keep in repair.

At the trial in the Superior Court, before *Rockwell*, J., it appeared that the defect alleged by the plaintiff was that the highway sloped too much, both in the line of the road, and from one side of the road to the other; and that the plaintiff was being driven in a carryall at the time of the accident.

The defendants called a witness and offered to show that he had seen persons drive, but not in carryalls, at considerable speed, over the place in question, without any accident occurring; but the judge excluded the evidence.

They also called Francis Warner as a witness, who testified that he had been a surveyor and engineer for two years, and had travelled a great deal over the roads in Wilbraham and the adjoining towns; and, for the purpose of showing want of due care by the plaintiff, they offered to show by this witness that he had seen roads with the same declivity, and with the same width and kind of road bed, in all particulars, as this where the accident occurred, but the judge excluded the evidence.

The plaintiff had testified that she had never been over the road since she was a child, and her driver had testified that he had never been over the road but three or four times, and never noticed it.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*G. M. Stearns*, (*M. P. Knowlton* with him,) for the defend-
ants.

*N. A. Leonard.* (*G. Wells* with him,) for the plaintiff.

WELLS, J.   The testimony, offered to show that other persons,
with other vehicles, drove " at considerable speed " over the road,
at the place alleged to be defective, and that no accident occurred
to them, was properly excluded.   It was not competent as a test,
either of the degree of care with which the plaintiff was driven,
or of the question whether the way was defective.   *Kidder* v.
*Dunstable*, 11 Gray, 342.   The question whether the way, as de-
scribed, was defective, is not before us otherwise than by the offer
of the evidence above referred to.

Upon the question of due care, it does not appear from the
exceptions that the fact that the witness Warner had " seen roads
with the same declivity, and with the same width and kind of road
bed, in all particulars, as this where the accident occurred," in
the same and adjoining towns, could have had any pertinency.   If
such evidence is ever competent, it must be in connection with
evidence of other circumstances affecting the plaintiff, or the
driver, and showing familiarity with or knowledge of such con-
dition of the ways in the vicinity.   In the absence of such proof
the presumption is in favor of the ruling at the trial excluding
the evidence.                                   *Exceptions overruled.*