Helen A. Marvin *vs.* City of New Bedford.

Bristol.   October 24, 1892. — March 8, 1893.

Present: Field, C. J., Knowlton, Morton, Lathrop, & Barker, JJ.

*Personal Injuries — Defect in Sidewalk — Evidence that no Accident has
previously happened — Collateral Issues.*

It is competent for a jury to find in an action against a city for personal injuries
that a hole in a sidewalk nearly circular in form, five and one half inches in diam-
eter one way and six inches the other, and about an inch in depth at the edges
and somewhat deeper in the middle, which hole caused the injuries to the plain-
tiff, is a defect for which the city is responsible under the Pub. Sts. c. 52, § 18.

In an action against a city for personal injuries occasioned by an alleged defect in
a sidewalk which the city is bound to keep in repair, it is not competent for
the city to show that no accident has previously happened at the place of the
alleged defect.

In an action against a city for personal injuries occasioned by an alleged defect in
a sidewalk which the city is bound to keep in repair, an official who has had
charge of the repair of the streets and sidewalks for some years, and who is fa-
miliar with the condition of the streets and sidewalks of many of the cities of the
Commonwealth, cannot be asked the questions, " Whether it is common to find
in your experience among the cities that you have visited depressions in the
sidewalk caused by irregularities in the paving or covering large enough to
admit a portion of the foot, — the foot of an ordinary adult ? "  " Is it an infre-
quent thing to find depressions to exist between flaggings in different parts of
the city ? " and, " Is it common for depressions to be found in flagged side-
walks large enough to insert part of the foot ? "

Tort, for personal injuries occasioned to the plaintiff in conse-
quence of an alleged defect in a sidewalk of the defendant city.

At the trial in the Superior Court, before *Bishop*, J., it appeared
in evidence that Purchase Street was a public way in New Bedford
near the centre of the city ; that the sidewalk was covered with
flagging extending from the line of the stores to the curbing, a
distance of about ten feet; that it had been in substantially
the same condition for more than five or six years before the

accident; that one of the flaggings had a hole in it nearly circular in form, five and one half inches in diameter from north to south and six inches from east to west; that the direction of the street was from north to south ; that this hole was in the flagging when laid ; and that it had originally been filled in by the city with dirt, but by the sweeping of the sidewalk from time to time by the abutters the dirt had been partly swept out, so that at the time of the injury it was about an inch in depth at the edges and somewhat deeper in the middle, the surface being saucer-shaped, one witness testifying that the hole was from an inch and a half to two inches in depth. The hole was about sixteen inches from the edge of the curbing. It was not in the line of the main travel on the sidewalk, excepting when the sidewalk was unusually crowded. The street was largely resorted to for travel, especially upon Saturday evenings. The plaintiff was injured upon Saturday evening at about half past seven. While passing with many other people, exercising due care, upon the sidewalk, she caught her toe in the hole and was thrown down. The entire length of her shoe from the extremity of the heel to the toe was nine inches, and the length of the heel two inches. A number of police officers testified that the place was upon their beat, and, that they had passed over that part of the sidewalk many times and had never noticed the hole. It was testified that the written instructions of the police department required police officers to report all defects in streets and sidewalks.

One Boomer, called as a witness by the defendant, testified that he kept a store nearly adjacent to that part of the sidewalk which contained the hole referred to, and that he had known the place for five years. The counsel for the defendant asked him, " Did you ever know of anybody suffering any injury by reason of that depression ? " the counsel stating that he proposed to show that the witness had never known of any accident happening from that hole. The judge excluded the question, and the defendant excepted. The judge had previously permitted the defendant to prove, by city officials in charge of the streets and by policemen, that they had never known of any accident happening from this hole, as affecting the question whether the city had reasonable notice. Boomer was not a city official.

One Drake, called as a witness by the city, testified that he

had had for some years entire charge of the repair of the streets, and that he had visited a great many of the cities of the Commonwealth, and had observed their streets and sidewalks with a view to comparing their condition with that of the sidewalks in New Bedford. Thereupon the following question was put to him: " Whether it is common to find in your experience among the cities that you have visited depressions in the sidewalk caused by irregularities in the paving or covering large enough to admit a portion of the foot,— the foot of an ordinary adult?" The question was excluded, and the defendant excepted.

The same witness testified that he was familiar with the condition of the sidewalks in the city, and that there were seventy-five miles of sidewalks required to be kept in repair by the city, of which fifty were flagged and were similar in construction to the one in question. The following questions were put to him by the city solicitor: "Is it an infrequent thing to find depressions to exist between flaggings in different parts of the city?" and, "Is it common for depressions to be found in flagged sidewalks large enough to insert part of the foot?" Both of these questions were excluded, and the defendant excepted.

At the conclusion of the evidence the defendant asked the judge to rule that no defect had been shown for which the city could be held liable. The judge refused so to rule, and submitted the case to the jury upon instructions not excepted to (excepting as aforesaid) as to what would constitute a defect.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. M. Knowlton & T. F. Desmond,* for the defendant.

*E. L. Barney,* for the plaintiff.

LATHROP, J. 1. The jury were warranted in finding that the hole in the sidewalk which caused the injury to the plaintiff was a defect for which the defendant was responsible under the Pub. Sts. c. 52, § 18; and the court below properly refused to rule, as matter of law, that no defect had been shown. *Street* v. *Holyoke,* 105 Mass. 82. *Ghenn* v. *Provincetown,* 105 Mass. 313. *Loan* v. *Boston,* 106 Mass. 450. *Gerald* v. *Boston,* 108 Mass. 580. *George* v. *Haverhill,* 110 Mass. 506. *Dowd* v. *Chicopee,* 116 Mass. 93.

2. The question put to Boomer was properly excluded. It is not competent in a case of this kind for the plaintiff to show that

another accident has previously happened at the place of the alleged defect, for the purpose of showing that the place is defective. *Collins* v. *Dorchester*, 6 Cush. 396. *Blair* v. *Pelham*, 118 Mass. 420. Nor is it competent for the defendant to show that no accident has previously happened there. *Aldrich* v. *Pelham*, 1 Gray, 510. *Kidder* v. *Barnstable*, 11 Gray, 342. *Schoonmaker* v. *Wilbraham*, 110 Mass. 134. To admit such testimony would raise a collateral issue, which would have no legitimate bearing on the principal fact in dispute. The defendant contends that the evidence was admissible on the question whether the defect might have been remedied by the exercise of reasonable care and diligence on the part of the city. This hole in the flagging existed when the flagging was laid, five or six years before the accident. During this time it was more or less filled in with dirt, which was liable to be swept out when the sidewalk was swept. It could hardly be contended that such a condition of things could not be remedied by the exercise of reasonable care and diligence. However this may be, it is enough to say that the evidence sought to be introduced has no legitimate bearing upon this issue.

3. The questions put to the witness Drake were properly excluded. Whether it was common to find depressions in the sidewalk in other cities, or in New Bedford, large enough to admit the portion of a foot of an ordinary adult, had no tendency to show either that the hole in question was not a defect, or that the defect, if it existed, could not have been remedied " by reasonable care and diligence " on the part of the defendant. Such questions, if allowed to be put, would raise collateral issues not pertinent to the issues in the case. *Bacon* v. *Boston*, 3 Cush. 174. *Bliss* v. *Wilbraham*, 8 Allen, 564. *Packard* v. *New Bedford*, 9 Allen, 200. *Hinckley* v. *Barnstable*, 109 Mass 126. *Schoonmaker* v. *Wilbraham*, 110 Mass. 134. *George* v. *Haverhill*, 110 Mass. 506.

The evidence in the case of *Raymond* v. *Lowell*, 6 Cush. 524, 531, related merely to proof that in other towns or cities, as well as in Lowell, the edge of the curbstone was not on the same level as the carriageway, " which," as the court remarks, " was in fact a matter very obvious and known to everybody without any testimony." The remark of the court that the evidence was " admissible, as bearing upon the question of ordinary care," has

generally been considered as relating to care on the part of the plaintiff. See cases last above cited. That such evidence is not admissible on this issue, unless the plaintiff has knowledge of the other defects, is well settled. *Hinckley* v. *Barnstable*, 109 Mass. 126. *Schoonmaker* v. *Wilbraham*, 110 Mass. 134. In *George* v. *Haverhill, ubi supra*, it was held that evidence that witnesses had seen depressions and elevations in sidewalks of the size of the one in question in that case was too indefinite and remote, as affecting the question of care on the defendant's part. It is true that in that case it was said that evidence of the condition of sidewalks in other cities was inadmissible on the question of care on the part of the defendant, because that was not the test of the liability. It is also true that, under the Pub. Sts. c. 52, § 18, reasonable care on the part of a town or city is a test of liability. But such evidence has been held inadmissible on the broader grounds above stated. See cases above cited.

*Exceptions overruled.*