SARAH SCHALL, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

RUDOLPH SCHALL, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Negligence — what depression in a city sidewalk will not sustain a verdict in favor of one falling into it.*

The presence, near the curb in a city sidewalk fifteen feet wide, of a depression four feet long, eleven inches wide and three and a half inches deep, which had existed for several years, does not render the city liable to a pedestrian, who, in the daytime, falls or slips in such depression.

APPEAL, in each of the above-entitled actions, by the defendant, The City of New York, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff in each action, entered on the      day of March, 1903, and also from an order, in each action, entered in the office of the clerk of said court on the      day of March, 1903, denying the defendant's motion for a new trial made upon the minutes.

*George L. Rives,* for the appellant.

*Altkrug & Kahn,* for the respondent.

JENKS, J.:

These are actions against a municipal corporation for negligence in the care of a street. The woman complains that while walking thereon in the daytime she fell and was injured by falling or slipping into a depression in the sidewalk, which was about fifteen feet wide. The testimony for the plaintiff shows that the depression, which was near the curb, was four feet long, eleven inches wide,

three and one-half inches deep, and had existed for several years. I think that *Hamilton* v. *City of Buffalo* (173 N. Y. 72) must control.

The judgment and order should be reversed, and a new trial ordered, costs to abide the event.

GOODRICH, P. J., BARTLETT, WOODWARD and HOOKER, JJ., concurred.

Judgments and orders of the Municipal Court reversed and new trials ordered, costs to abide the event.