(48 Misc. Rep. 531)

CARR v. DEGNON CONTRACTING CO.

(Supreme Court, Appellate Term.    November 24, 1905.)

MUNICIPAL CORPORATIONS—SIDEWALKS—NEGLIGENCE OF CONTRACTOR.

A contractor for building part of the subway in New York City, acting lawfully and in pursuance of a public work, replaced the sidewalk, where excavation under it was necessary, with a temporary plank sidewalk, and in it left a plank projecting 1½ inches above the surface of the adjacent walk, against which a pedestrian struck his foot, causing his fall and injury.    Held that the contractor's duty with respect to maintaining the sidewalk in a safe condition being merely the same as that of the city and the defect being insufficient to show the city liable, the contractor was as matter of law not negligent.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by James W. Carr against the Degnon Contracting Company. From a judgment for plaintiff, defendant appeals.    Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

James F. Donnelly, for appellant.
Wales F. Severance, for respondent.

SCOTT, P. J. In my opinion the plaintiff should have been nonsuited upon his own testimony. The action is for damages alleged to have resulted from defendant's negligence. The defendant was a contractor engaged in building a portion of the subway in this city. At Broadway and Wall street a station was constructed, which necessitated excavating under the sidewalk. The defendant replaced, temporarily, the sidewalk by erecting a structure of planks. The planks were laid in two layers; the top of the lower one being flush with the adjoining stone sidewalk. The upper layer of planks projected above the stone sidewalk; such projection being 2 inches in height at the building, gradually lessening to ⅞ of an inch at the curb. The plaintiff testifies that at the point where he fell the plank was about 1½ inches high. The plaintiff, walking up Broadway in the nighttime, stubbed his toe on the planking and fell, with the result that his elbow was bruised and abrased. It seems to be conceded that defendant's act in laying down the plank sidewalk was lawful and done in pursuance of a public work. No claim that its structure was a nuisance is or could successfully be made. The sole question is whether it was negligence to leave a plank in the sidewalk projecting 1½ inches above the surface of the adjacent walk. Under the circumstances the defendant's duty with respect to maintaining the sidewalk in a safe condition was the same that attaches to a municipality in caring for its sidewalks generally; that is to say, it was chargeable with the duty of exercising reasonable care. Lafflin v. Buffalo & S. W. R. R. Co., 106 N. Y. 136, 12 N. E. 599, 60 Am. Rep. 433; O'Reilly v. L. I. R. R. Co., 15 App. Div. 79, 44 N. Y. Supp. 264. Would a municipality be held guilty of negligence for permitting to remain in a sidewalk, after due notice, an irregularity not more than 1½ inches in height? I think not.

In Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, the defendant was acquitted of negligence, although it had permitted a hole to remain, in the middle of the sidewalk, 2 feet and 2 inches in length by 7½ inches in width and of the depth of 2½ inches. The court in that case said:

"When the defect is of such a character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably expected from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence, but still an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of defendant's responsibility is one of law."

In other recent cases irregularities in the sidewalk more serious than that in the case at bar, and in consequence of which accidents happened, have been held not to establish negligence on the part of a municipality. In Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E.

944, the defect complained of was a depression in a crosswalk 4 inches deep, 34 inches long, and 12 inches wide. It was held that such a depression was so slight a defect that it would not reasonably suggest to the mind of a careful or prudent person that it was dangerous or likely to cause accident. In Corson v. City of New York, 78 App. Div. 481, 79 N. Y. Supp. 604, there was an irregularity in the level of two adjoining flagstones amounting to 2¾ inches at the maximum and 1½ inches at the minimum. The municipality was acquitted of negligence, as it was also in Schall v. City of New York, 88 App. Div. 64, 84 N. Y. Supp. 737, where the depression was 3½ inches deep.

Neither the city, nor, under existing circumstances, this defendant, is to be held as an insurer of the safety of the streets, nor to the duty of foreseeing and guarding against accidents which could not reasonably have been anticipated. It certainly was not to be anticipated that any pedestrian, by day or night, would suffer a painful accident from stumbling over a plank in the street not more than 1½ inches high. In my opinion the evidence showed, as matter of law, that the defendant was guilty of no negligence.

The judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.