## McCOY v. CITY OF UTICA.

(Supreme Court, Appellate Division, Fourth Department. March 8, 1911.)

MUNICIPAL CORPORATIONS (§ 768*)—SIDEWALKS—DEFECTS—INJURY TO PEDES-
TRIAN—LIABILITY.

    That a pedestrian is injured by some slight defect in a street from which danger was not reasonably to be foreseen, e. g., a depression in a sidewalk to the depth of the thickness of surrounding flagging, right-triangular in shape with base and sides about two feet long, caused by the removal of a broken piece, does not show negligence of the city.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1622–1625; Dec. Dig. § 768.*]

    Kruse, J., dissenting.

Appeal from Trial Term, Oneida County.

Action by Ellen McCoy against the City of Utica. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William Townsend, Corp. Counsel, for appellant.
Arthur J. Foley, for respondent.

McLENNAN, P. J. The accident which is the subject of this action occurred on the evening of August 1, 1909, at about 9 o'clock. The plaintiff, with her little daughter, was walking southerly on the sidewalk on the west side of Second street in the city of Utica, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

when within about 52 feet of the northerly junction of Second street with Blandina street she stepped into a hole at the easterly edge of such sidewalk and was injured. Concededly, there was a hole in the walk where she fell caused by the removal of a piece of flagging. The walk at the point where the plaintiff fell was made of stone flagging. It was eight feet wide and was perfect in all respects, except for the imperfection which it is claimed constituted actionable negligence on the part of the defendant. The hole existed by reason of the fact that a piece of the flagging on the extreme outside of the walk nearest the street had been broken and removed, leaving a space about two feet wide on the east, street side, and extending about two feet into the paved walk on the north side; the size and shape of the displacement being that of a right-angled triangle, of which the base and sides were about two feet in length.

One of the plaintiff's witnesses describes the hole or depression in the walk as follows:

"I made an examination of the hole in the sidewalk at the time. It was on the outside of the walk, almost opposite the saloon door. I should imagine the hole on top was about two feet. It was about two feet on one side, and ended up in a little angle. It was down below the stone maybe one inch; I would not say any more than an inch. In the center it was deeper than at the edges. Around the edge of the hole it was just the depth of the stone, and then it sagged down into the center. The hole was down from the top of the flag between two and three inches in the center. The hole was about two feet wide, and then it sloped over toward the corner. It edged over so there was nothing left afterward. It was triangular. The point of the triangle was toward the center of the walk. The bottom of the triangle at the edge was about two feet long. It went about two feet into the walk. At the edges the depth was just about the depth of the stone, and they sloped in on the sides. I figure it was about two inches. * * * In the center the dirt was out there was about an inch or an inch and a quarter."

Another witness called by the plaintiff testified:

"The way we looked at it that night I should judge it was an inch all the way around the edge of the stone. The dirt was gone from it, and it sloped right down to the center. It was much deeper at the center than it was around the edges here, so it was just the depth of the stone, and then an inch below that. I should judge the stone was about two inches deep, so that around the edge of the hole was about three inches, and in toward the center it got deeper. I should say in the center about four inches. That is what we figured on that night."

Other witnesses described the hole or defect in the walk; but the evidence quoted fairly represents what the jury might have found as to the situation as it existed.

The question presented by this appeal is: Was it competent for the jury to determine that the defendant was guilty of negligence by permitting this defect at the outer edge of the sidewalk of the character in question to exist? There can be no doubt upon the evidence as to the condition of the walk. A piece of a flagstone composing the walk had been broken out and removed. Such flagstone was about an inch thick and about two feet in width, and, having been removed while the edge of the hole caused by such removal was practically only an inch in thickness by the wearing away of the earth beneath where such flagstone had been, the depth of the hole came to be be-

tween three and four inches. There is no question but that the defendant knew, or ought to have known, of the condition which existed in this walk. But the question is: Was the city of Utica chargeable with negligence because it did not cause to be remedied this defect?

It is well settled that:

"A municipal corporation is not chargeable with negligence when an accident which, according to common experience, was not likely to happen, happens to a traveler by reason of some slight defect in a street, from which danger was not reasonably to be anticipated, such, e. g., as a depression in the middle of a flagged sidewalk, the depth of the thickness of the surrounding flagging, caused by the removal of a small broken piece of stone, and which had existed for several years without any accident resulting therefrom." Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401.

It would almost seem that the Beltz Case cannot, upon principle, be distinguished from the case at bar, and in the former case it was held that the defendant was not guilty of negligence. In the Beltz Case it will be remembered that the plaintiff was walking on a sidewalk of stone flagging 8 feet in width, constructed of 2 courses of flags 4 feet wide. At the point in the walk where the accident occurred and at the point where 2 of the flags were united, the edges of the stone were broken off, and the broken parts removed. This left an uncovered depression in the center of the walk of the same depth as the thickness of the flags, which was 2½ inches. The surface area of this depression was about 2 feet and 2 inches in length by 7½ inches in width. As before said, it was held in that case that the defendant was not guilty of actionable negligence in permitting such depression to exist.

It would hardly seem necessary to discuss the many cases bearing upon the question of the negligence of a municipality in permitting a street or sidewalk to be slightly out of repair, because it seems to me that it is impossible to distinguish this case from the Beltz Case, in which it was held that for such a defect as is presented by the evidence in this case a municipality is not liable.

We conclude that under the authority of the Beltz Case, supra, the plaintiff failed to establish actionable negligence against the defendant, and that therefore the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and a new trial ordered, with costs to appellant to abide the event. All concur, except KRUSE, J., who dissents in a memorandum.

KRUSE, J. (dissenting). It is proposed to reverse the judgment upon the authority of Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401. I do not think the Court of Appeals intended to hold in the Beltz Case, or has ever held in any case, that a hole in a sidewalk must be more than two inches deep to make a municipality liable for an accident such as happened in this case. And, besides, here the hole was four inches deep in the middle; or at least the jury could so find from the evidence.

The hole had existed for a year or more, and there had been four or five similar accidents at that point. One of the policemen of the city himself had fallen there, and it seems to be without dispute that the city officials knew, or ought to have known, of the condition of this walk. In the Beltz Case no previous accident had occurred, and the accident in question there occurred in the daytime. Here it was in the nighttime, and the place was dark.

It was held in the Beltz Case that a municipal corporation must guard against such dangers in its streets as can· or ought to be anticipated or foreseen in the exercise of reasonable prudence and care. After four or five persons had stepped in this hole and fallen, it would seem that a jury might find not only that the city officers had notice, but that it would occur to an ordinarily prudent person that the place was dangerous and some one might fall there again.