(158 App. Div. 297.)

### VANDERBORG v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   July 25, 1913.)

MUNICIPAL CORPORATIONS (§ 768*)—DEFECTIVE SIDEWALK—NATURE OF DE-
    FECT—INJURIES TO PEDESTRIANS.
        A depression or hole 2¼ inches deep about the center of a flag side-
    walk in a city was not such a defect as would render the city liable for
    injuries to a pedestrian while traversing the walk in the daytime, on the
    theory that the city was negligent in permitting it to remain.
        [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§
    1622, 1624, 1625; Dec. Dig. § 768.*]

Appeal from Trial Term, Kings County.

Action by Abraham Vanderborg against the City of New York.
From a judgment for plaintiff, and from an order denying defend-
ant's motion for a new trial, it appeals.   Reversed, and new trial
granted.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLE-
TON, and PUTNAM, JJ.

James D. Bell, of Brooklyn (P. E. Callahan, of Brooklyn, on the
brief), for appellant.

Adolph Feldblum, of Brooklyn, for respondent.

JENKS, P. J.   The court refused, under exception by the defend-
ant, to charge:

"If the jury finds that this depression between the sidewalk and the dirt
space did not exceed 3 inches in depth, and the plaintiff fell, assuming that
he did fall, by simply putting his foot into a depression 3 inches in depth,
and so received his injury, the city is not liable."

I think that the exception was well taken and is fatal to the judg-
ment.   The plaintiff, a man 46 years old, testifies that about 7 p. m.
of November 7, 1910, when walking on a flagstone sidewalk of a
street in the borough of Brooklyn, city of New York, he suddenly put
his foot into a hole pretty near the center of the sidewalk and went
down, or, in his own words:

"I felt my foot go down and I fell.   *   *   *   I don't know anything fur-
ther about what caused me to fall, other than that I felt my foot go down
on something, and I· fell."

There is no proof of any former accidents at this point.   The
proof presented by the defendant, that the depression was but 2¼
inches deep or less, was not the estimate of mere eye inspection, or of
guess or surmise, but was the result of measurements or calculation.
In Lalor v. City of New York, 208 N. Y. 431, 433, 102 N. E. 558,
559, Collin, J., writing for the Court of Appeals, says:

"There are no circumstances revealed by the evidence which lessen or miti-
gate the effect of our decisions as authority that as matter of law the ex-
istence of the hole, as described by the witness, did not charge the defend-
ant with negligence.   Hamilton v. City of Buffalo, 173 N. Y. 72 [65 N. E.
944]; Beltz v. City of Yonkers, 148 N. Y. 67 [42 N. E. 401]; Butler v. Village
of Oxford, 186 N. Y. 444 [79 N. E. 712]; Terry v. Village of Perry, 199 N.
Y. 79 [92 N. E. 91, 35 L. R. A. (N. S.) 666, 20 Ann. Cas. 796]."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Examination of these cases cited shows that the depression in Hamilton's Case was about 4 inches in depth, that in Beltz's Case the hole caused by a break in the flagstone was 2½ inches in depth, that in Butler's Case the surface of one walk was higher than that of the other by from 2½ inches at the center to 5 inches at the edge, and that in Terry's Case the difference in grade was ⅜ of an inch to 1¾ inches. The depth of the hole in Lalor's Case, supra, as determined by the credible evidence, was 4 inches.

The limit named in the request in the case at bar is certainly within that in Lalor's Case, in Hamilton's Case, within the variance in Butler's Case, and but exceeds that in Beltz's Case by ½ of an inch. While it is declared in Terry's Case that "each case must stand upon its own peculiar facts," yet, if I read the opinion in Lalor's Case right, that case and the cases cited supra, are instances where the size or extent of the hole in each case was not sufficient in law to charge the respective defendants, on the principle that the defects were so slight as not to bring home negligence to the various municipalities.

In Lalor's Case, Collin, J., as we have read, says that "there are no circumstances revealed which lessen or mitigate the effect of the decisions" which he cites; i. e., Hamilton's Case and the other cases that follow in citation ut supra. Are there such circumstances in the case at bar? The character of such circumstances is not indicated in the opinion of the learned judge; but we have indication in the opinion in Terry's Case, supra, in that there are therein enumerated certain cases of exception. But none of such exceptional cases is analogous to the case at bar, save perhaps Gastel's Case, 194 N. Y. 15, 86 N. E. 833, 128 Am. St. Rep. 540, 16 Ann. Cas. 635, which, however, was placed expressly within the exceptions, because there was proof of other accidents, not as notice of the defect, but as indication of the danger of the defect. But in the case at bar the plaintiff, when walking in the evening of the day, fell into the depression or hole, as did Butler, Terry, and Beltz, respectively. In Hamilton's Case the accident happened in the daytime.

The judgment and order must be reversed, and a new trial must be granted; costs to abide the event. All concur.