## SHUGREN v. SALT LAKE CITY.

No. 2863.   Decided July 17, 1916 (159 Pac. 530).

1. MUNICIPAL CORPORATIONS—DEFECTS IN·STREETS AND SIDEWALK—NEGLIGENCE—QUESTION FOR JURY.   Ordinarily whether maintenance of a particular defect in a street or sidewalk constitutes negligence of the city is a question for the jury.[1]   (Page 323.)

2. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—QUESTION FOR JURY.   It cannot be said as a matter of law that a city was not

---

[1] *Jones* v. *Ogden City*, 32 Utah 221, 89 Pac. 1006; *Bills* v. *Salt Lake City*, 37 Utah 507, 109 Pac. 745; *Robinson* v. *Salt Lake City*, 40 Utah 497, 121 Pac. 968; *Sweet* v. *Salt Lake City*, 43 Utah 306, 134 Pac. 1167.

negligent in maintaining in the residence portion of a city a sidewalk with one of the cement blocks raised from two to two and three-eighths inches, on the edge of which a pedestrian was tripped. (Page 323.)

3. MUNICIPAL CORPORATIONS—INJURY TO TRAVEL—LIABILITY. If improvements of streets or sidewalk are in the condition made in following plans adopted by the city, it is ordinarily not liable for injury therefrom to a traveler.[1] (Page 328.)

4. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—EVIDENCE. Evidence that other persons had previously stumbled, though they had not fallen, over the projection in a sidewalk, on which plaintiff had tripped, causing her to fall, is competent both as notice to the city, and as characterizing the defect. (Page 329.)

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong*, Judge.

Action by Hannah Shugren against Salt Lake City.

Judgment for Plaintiff. Defendant appeals.

AFFIRMED.

*H. J. Dininny, W. H. Folland,* and *Moses Davis,* for appellant.

*E. A. Walton,* for respondent.

FRICK, J.

The plaintiff recovered judgment against the defendant for damages for personal injuries sustained in falling upon a sidewalk which, plaintiff alleged, was defective, as will hereinafter appear.

The evidence on behalf of plaintiff relative to the defective condition of the sidewalk, and her fall and injuries, in substance, is as follows: The plaintiff, a woman of middle age, on the evening of January 21, 1914, at about seven o'clock, while on her way home from the business portion of Salt Lake City, stumbled or tripped against a projection in a sidewalk and fell, sustaining somewhat severe, but not dangerous, in-

---

[1]*Ward* v. *Salt Lake City,* 46 Utah 616, 151 Pac. 905.

juries.  The place where plaintiff fell is in the residence part
of the city between Second and Third East streets and on
Eighth South street.  The sidewalk on which she fell is a con-
crete or cement walk about five feet in width and had been
laid seven or eight years before the accident.  When the walk
was laid it was divided into square blocks or sections by cut-
ting a groove with a trowel or some sharp instrument through
the still plastic or wet cement, so that when the walk was
completed for use it had the appearance of a series of large
flagstones, one closely joined to the other.  One of the cement
blocks or squares for some reason, perhaps by the roots of a
growing tree which stood a few feet from the defect, was lifted
up out of its place at one end so that the end in question pro-
jected above the other block adjoining it to the extent of 2¾
inches on one side of the walk and about two inches on the
other.  The walk, according to the testimony, had been in
that condition for several years, and the projection was per-
haps getting a little higher.  At the time plaintiff passed
over the projection it was dark, but the electric lights on the
street were lighted so that she could see the walk.  She said
she did not know whether she had passed over that portion
of the walk before, but if she had, she did not know of the
projection or defect.  She was passing toward the face of the
projecting block, and, in attempting to pass over it, the toe
of her shoe hit against the projection, and she was tripped and
fell prone on the sidewalk, where she was found lying in a
semi-conscious condition by another woman, who helped her
to her feet, after which she walked to her home, which was a
few blocks away.  There was evidence by another witness for
the plaintiff that the projection was between two and three
inches high, but the witness merely gave his judgment.  The
plaintiff and two other witnesses had, however, measured the
height of the projection at different times, and they agreed
on the height as above stated.  The defendant's witnesses tes-
tified that they had made careful measurements ,with suitable
instruments, and found the projection at its highest point to
be 2⅓ inches and at the lowest point 1⅜ inches.  The plaintiff
also produced two witnesses who testified, over defendant's
objections, that they had seen other persons, in passing along

the walk, stumble or trip over the projection before plaintiff fell, but that they had never seen any one fall down. The evidence respecting the extent of the injuries suffered by the plaintiff is not material here.

Defendant's counsel at the close of the evidence, moved the court to direct the jury to return a verdict for the defendant for the reason that under the undisputed evidence the defendant, as matter of law, was not guilty of **1, 2** negligence in maintaining the walk in the condition described by the witnesses, and, further, that from the evidence it was made to appear that plaintiff did not exercise ordinary care for her own safety at the time, and that her want of ordinary care was the proximate cause of her injury. The court denied the motion and submitted the case to the jury upon the whole evidence. The jury returned a verdict in favor of the plaintiff for the sum of $750, and the defendant appeals.

The defendant assigns the ruling of the court in denying its motion for a directed verdict as error.

Counsel for defendant have referred us to a large number of cases in which, they contend, the courts have held that projections or defects in sidewalks like the one in question are not such defects as will make the municipality liable for injuries to a person who tripped and fell over them. We shall, as briefly as possible, give the gist of the decisions which are cited by counsel in support of their contention.

In *Beltz* v. *City of Yonkers*, 148 N. Y. 67, 42 N. E. 401, it was held "a depression 2½ inches deep, seven inches wide, and two feet six inches in length * * * in the center of a flag sidewalk, eight feet wide" did not constitute negligence on the part of the city. (One justice dissenting.)

In *Hamilton* v. *City of Buffalo*, 173 N. Y. 72, 65 N. E. 944, the court held that where "a traveler was injured by reason of a rounded depression in a flagged sidewalk about four inches deep, thirty-four inches long, and twelve inches wide, caused by heavily laden trucks wearing away the corners of the flagstones where they came together," did not constitute negligence on the part of the city. (Two justices dissenting.)

To the same effect is *Gastel* v. *City of New York*, 194 N. Y. 15, 86 N. E. 833, 128 Am. St. Rep. 540, 16 Ann. Cas. 635.

In *Terry* v. *Village of Perry,* 199 N. Y. 79, 92 N. E. 91, 35 L. R. A. (N. S.) 666, 20 Ann. Cas. 796, the court held:

"A municipal corporation is not liable for injury to a pedestrian, caused by his falling on a sidewalk because of a depression due to the settling of one edge of a concrete square in the walk one and one-half inches below the level of the adjoining square, although one or two persons had tripped on the unevenness before."

The other edge of the square was even with the adjoining block or square.

In *Weisse* v. *City of Detroit,* 105 Mich. 482, 63 N. W. 423, the court held:

"A crosswalk containing a loose plank, the end of which is raised about two inches above the level of the walk, is 'reasonably safe'" within the requirements of the Michigan statute.    (One justice dissenting.)

In *Jackson* v. *Lansing,* 121 Mich. 279, 80 N. W. 8, the court held "an irregular depression worn in a sidewalk about 1½ to two feet in area, all sides of which, except on the south, where there was an abrupt depth of about 1½ inches, sloped to a center from 1½ to three inches in depth" did not show that the walk was not in a reasonably safe condition.

In *Butler* v. *Village of Oxford,* 186 N. Y. 444, 79 N. E. 712, the court held that where it was shown that "at the junction of a stone and dirt sidewalk in an incorporated village, the surface of the former walk was higher than that of the latter by about 2½ inches in the center and by about five inches at the edge," the evidence was insufficient to show negligence on the part of the village.

In *Yotter* v. *City of Detroit,* 107 Mich. 4, 64 N. W. 743, the court, in effect, held that to lay two-inch planks on a board sidewalk to permit teams to cross over it so that the planks projected two inches above the surface of the walk did not make the walk unsafe.

In *Kawiecka* v. *City of Superior,* 136 Wis. 613, 118 N. W. 192, 21 L. R. A. (N. S.) 1020, the court held that where "the city rebuilt a portion of a sidewalk by nailing planks to the upper side of the walk, and permitting other parts of the walk to remain unchanged, so that there was an abrupt difference in level of two inches at the ends of the plank nailed

on the walk, over which plaintiff tripped and fell, and was injured, * * * the defect was too slight to justify a recovery'' under the Wisconsin statute.

In *Davidson* v. *City of New York,* 133 App. Div. 352, 117 N. Y. Supp. 185, the court held that where ''a flagstone in a sidewalk six feet wide, which projected at the highest point 2½ inches above the other stones, and gradually decreased in height until it was level with the other stones at the outside of the walk,'' did not constitute such a defect as would render the city liable to one who fell over the defect, and was injured.

In *Northrup* v. *City of Pontiac,* 159 Mich. 250, 123 N. W. 1107, the court held:

"A grating projecting only two inches or less above a sidewalk is, as matter of law, not an obstruction which will render the sidewalk not reasonably safe for public travel." ·

In *City of Chicago* v. *Norton,* 116 Ill. App. 570, it was held that:

"The mere fact that one of two adjoining flagstones in a sidewalk is two and one-half to three inches lower than the other is not sufficient to charge a municipality with the result of injuries received by a person who fell while stepping from the higher to the lower."

In addition to the foregoing defendant's counsel have also cited *Lalor* v. *New York City,* 208 N. Y. 431, 102 N. E. 558; *City of Richmond* v. *Schonberger,* 111 Va. 168, 68 S. E. 284, 29 L. R. A. (N. S.) 180; *City of Richmond* v. *Courtney,* 32 Grat. (Va.) 792; *Kleiner* v. *City of Madison,* 104 Wis. 339, 80 N. W. 453; *City of Dayton* v. *Glaser,* 76 Ohio St. 471, 81 N. E. 991, 12 L. R. A. (N. S.) 916; *Goodwyn* v. *City of Shreveport,* 134 La. 820, 64 South. 762; *Morgan* v. *City of Lewiston,* 91 Me. 566, 40 Atl. 545; *City of Lexington* v. *Cooper,* 148 Ky. 17, 145 S. W. 1127, 43 L. R. A. (N. S.) 1158; *McCoy* v. *City of Utica,* 143 App. Div. 634, 128 N. Y. Supp. 60; *Vanderborg* v. *City of New York,* 158 App. Div. 297, 143 N. Y. Supp. 26; *Schall* v. *City of New York,* 88 App. Div. 64, 84 N. Y. Supp. 737.

While in all of the foregoing cases there are some features which, in some respects, resemble the case at bar, yet there are other features which readily distinguish those cases from the

one before us, and therefore those decisions can have no controlling influence here. The foregoing quotations are practically all taken from the headnotes, which, while they correctly reflect the gist of the decisions, yet in a number of the cases there are special features which, in some respects, would distinguish even those cases from the case at bar. We cannot go into detail respecting those features, nor is it necessary to do so, since the reader will readily discover the controlling features of each case. In a number of the cases it is, however, squarely held that a defect like the one described by the evidence in the case at bar is not such a defect as will make the municipality liable for injuries caused by tripping and falling over it.

Upon the other hand, plaintiff's counsel have referred us to some cases where the courts have arrived at different conclusions under a similar state of facts. In *Marvin* v. *City of Bedford*, 158 Mass. 464, 33 N. E. 605, the defect was less than in the case at bar, yet the Supreme Judicial Court of Massachusetts held that the question of negligence was for the jury. The same court in *Lamb* v. *City of Worcester*, 177 Mass. 82, 58 N. E. 474, held:

"Whether projecting hinges, nearly two inches tall, on bulkhead doors, in an otherwise smooth sidewalk, constitute defects in a sidewalk which the city, in the exercise of reasonable care, should have remedied, is a question for the jury."

In *Wile* v. *Los Angeles Ice Co.*, 2 Cal. App. 190, 83 Pac. 271, the Court of Appeals of California held "the maintenance of a spike two inches high in a sidewalk is, * * * a nuisance," and a judgment in favor of the plaintiff, who tripped and fell over the spike, was affirmed. In *Glantz* v. *City of South Bend*, 106 Ind. 305, 6 N. E. 632, the Supreme Court of Indiana held:

"An obstruction or inequality in a sidewalk, from two to two and one-half inches in height, is such as may render the city liable for an injury caused thereby to one using due care in traveling upon such walk." (One justice dissenting.)

The defect in the foregoing case was very much like the one in the case at bar. In *Bieber* v. *City of St. Paul*, 87 Minn. 35, 91 N. W. 20, it is held that:

"A depression of an inch and a quarter in a hexagonal cement block in a city sidewalk, in view of the extent and peculiar incidents of its necessary use at the place of an accident, might constitute such a defect as to render the municipality liable for damages for failure to remedy the same." (One justice dissenting.)

It would seem from the foregoing, if the cases are considered from the mere point of numbers, that the weight of authority is with the defendant. It will be observed, however, that the courts differ with regard to when the defect in a sidewalk may or may not, as matter of law, be declared harmless. As we have pointed out, even the justices of the same court do not agree upon that question. That fact, in and of itself, is a very strong argument in favor of submitting such questions to the jury and permitting them to pass upon the question of whether the maintenance of a particular defect under all the circumstances was such as would constitute negligence on the part of the municipality. This court is firmly committed to the doctrine that ordinarily the question of whether the maintenance of a particular defect in a street or sidewalk constitutes negligence on the part of the municipality is a question of fact for the jury. *Jones* v. *Ogden City,* 32 Utah 221, 89 Pac. 1006; *Bills* v. *Salt Lake City,* 37 Utah 507, 109 Pac. 745; *Robinson* v. *Salt Lake City,* 40 Utah 497, 121 Pac. 968; *Sweet* v. *Salt Lake City,* 43 Utah 306, 134 Pac. 1167.

While there is much force to the contention that to hold a municipality liable for a defect in a sidewalk in the outlying residence districts, such as the one in question here, where the municipality must of necessity maintain hundreds of miles of walks, is enforcing a rather strict rule of liability against the municipality, yet, in our judgment, such a rule in the long run is fairer and more logical than is the one adopted by some of the courts, whereby it is attempted to determine as matter of law that a defect of two, or one of two and one-half inches, or even more, does not constitute such a defect as will make the municipality liable for injuries sustained by persons falling over it. In all such cases courts are compelled to adopt and enforce an arbitrary rule applicable to all cases, while if the question is treated as one of fact, a jury of fair, practical men may determine each case upon its own peculiar features or facts and circumstances. True, a jury may return a

verdict against a municipality upon what may be considered slight grounds; but that is a matter that, under our jurisprudence, cannot well be avoided. And yet, if the verdict of a jury is manifestly wrong upon the facts or the law, it may be corrected by the trial courts, and upon all questions of law may be corrected on appeal to this court. If, however, courts arbitrarily determine that the maintenance of particular defects in sidewalks or streets do not constitute negligence, then there is absolutely no way of correcting an erroneous conclusion on the part of the courts. It goes without saying that upon questions of negligence judges are no better qualified to speak than are ordinary laymen who act as jurors. It seems to us that in case it is made to appear that resonable men might arrive at different conclusions with regard to whether the maintenance of a particular defect in a sidewalk or street constituted negligence on the part of the municipality, the question should be submitted to the jury. That method is certainly quite as safe, and much more logical than to have the courts as matter of law declare that the maintenance of a projection two and one-half inches in height is not an actionable defect, while one of three inches or more is. Of course there may be defects so slight and unimportant, or by reason of their location may be so unimportant, that a court might well say as matter of law that the maintenance thereof did not constitute negligence on the part of the municipality. Under such circumstances, however, reasonable men may not differ. However unsatisfactory the foregoing test may be, yet it is the only practical, and, all things considered, the fairest test that courts have been able to evolve. A careful reading of the foregoing cases we have cited in this opinion demonstrates the truth of the foregoing statement.

We feel constrained to add that it must be obvious to all that not every raise or projection in a street or sidewalk can be held objectionable. Steps leading from the surface of the street to the surface of the sidewalk at the curbs, although such steps rise abruptly, may nevertheless not be deemed obstructions for which the municipality may be held liable in case a pedestrian should fall over them if they are kept in reasonably safe condition and repair. Then

again, the municipality has a right to adopt plans in making improvements in its streets or in constructing sidewalks, as we have pointed out in *Ward* v. *Salt Lake City*, 46 Utah 616, 151 Pac. 905, and in making such improvements it would not be liable except for the reasons pointed out in that case. The case at bar, however, differs widely from all such cases. Here an abrupt projection is allowed to remain where no one would be apt to look for it or expect it, and instead of being a raise from a lower to a higher level, as a step would be, the projection is a mere obstruction in an otherwise level and smooth walk.

It follows, therefore, that the court committed no error in refusing to direct the jury to return a verdict for the defendant.

Counsel for defendant also insist that the court erred in permitting plaintiff's witnesses to testify that they saw other persons in passing over the projection trip before 4 the plaintiff was tripped and fell. In that connection counsel contend that if the evidence had shown that others had tripped and fallen, then the evidence would have been competent, since it would then have constituted notice to the defendant that the defect was such as might cause injury; but, they contend, merely to show that others in passing over the projection stumbled or tripped has no significance for the reason that it is a daily occurrence for pedestrians to stumble or trip over very slight defects. We think the evidence was proper. Counsel's argument merely relates to the weight and not to the competency of the evidence. We think the evidence proper both as notice to the defendant and also as characterizing the defect. If counsel's theory should prevail, then whether a certain incident was proper evidence or not would depend, not upon the character of the defect, but rather upon the ability of the one who tripped over such defect to maintain his equilibrium. If he could control himself and remain upon his feet, the evidence of the fact that he tripped would be improper, but if he was unable to control himself and fell, then the fact of his fall would be proper evidence. The distinction seems unreasonable. At all events it does not commend itself to our judgment.

For the reasons stated, the judgment is affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.