Appeal from Second District

# TAYLOR v. OGDEN CITY.

No. 3875.   Decided March 27, 1923.   (214 Pac. 311.)

1. MUNICIPAL CORPORATIONS—EVIDENCE JUSTIFIED FINDING OF NEG-
LIGENCE IN PERMITTING HOLE IN PAVEMENT. Evidence *held* suffi-
cient to justify finding of negligence by a city in permitting a
hole in the pavement of a crosswalk into which plaintiff
slipped.[1]

2. MUNICIPAL CORPORATIONS—CANNOT BE SAID AS MATTER OF LAW
THAT PERMITTING HOLE IN CROSSWALK WAS NOT NEGLIGENCE. It
cannot be said as a matter of law that defendant city was not
negligent in permitting a hole 2 inches deep at one end and 4
to 6 inches deep at the other and about 1½ feet square in a
crosswalk pavement, into which a pedestrian slipped.

3. MUNICIPAL CORPORATIONS—CITY NOT EXCUSED AS MATTER OF LAW
FOR NEGLIGENCE IN PERMITTING HOLE IN CROSSWALK BECAUSE
COMMISSIONERS DID NOT OBSERVE DEFECT. It cannot be said as
a matter of law that, because city commissioners and others
did not observe a defect in crosswalk, in permitting such de-
fect the city was not negligent.

4. MUNICIPAL CORPORATIONS—WHETHER CITY HAD CONSTRUCTIVE
NOTICE OF HOLE IN CROSSWALK FOR JURY. Where a pedestrian
was injured by slipping into a hole in a crosswalk in the heart
of a city, and a place where there was much travel, whether
the city had constructive notice of the defect was for the jury.

5. MUNICIPAL CORPORATIONS—PEDESTRIAN INJURED BY SLIPPING INTO
HOLE IN CROSSWALK NOT GUILTY OF CONTRIBUTORY NEGLIGENCE AS
MATTER OF LAW. *Held*, that a pedestrian injured by slipping
into a hole in the pavement of a crosswalk is not guilty of
contributory negligence as matter of law.

6. NEW TRIAL—ALLOWANCE OF DAMAGES FOR MEDICAL SUPPLIES
HELD INSUFFICIENT TO AUTHORIZE NEW TRIAL FOR JURY'S PASSION
AND PREJUDICE. Notwithstanding that an allowance of $10 for
medical supplies was made by the jury without substantial evi-
dence to support it, such excess is not sufficient to justify grant-
ing new trial on the ground that the excessive damages are
based on passion and prejudice.[2]

[1] *Shugren* v. *Salt Lake City*, 48 Utah, 320, 159 Pac. 530.

[2] *Stephens Ranch, etc., Co.* v. *Union Pac. Ry. Co.*, 48 Utah, 528,
161 Pac. 459.

7. APPEAL AND ERROR—VERDICT REDUCED AND JUDGMENT AFFIRMED. Where court erroneously denied a new trial without requiring remittitur of small excess in the verdict, the court will affirm judgment with direction to remit the excess.

Appeal from District Court, Second District, Weber County; *George S. Barker,* Judge.

Action by Alex Taylor against Ogden City. Judgment for plaintiff, and defendant appeals.

REMANDED WITH DIRECTIONS TO REQUIRE REMITTITUR AND AFFIRM.

*Wade M. Johnson* and *S. C. Powell,* both of Ogden, for appellant.

*N. J. Harris,* of Ogden, for respondent.

FRICK, J.

This is an appeal by Ogden City, hereinafter called appellant, from a judgment awarding damages to the plaintiff, hereinafter styled respondent, for personal injuries which he alleged he suffered by reason of appellant's negligence in permitting a certain street and crosswalk to become and be out of repair and dangerous to those required to use the same. The appellant denied the alleged negligence, and as an affirmative defense pleaded contributory negligence on the part of respondent.

The errors assigned and relied on by appellant, stating them in the language of its counsel, are:

"(1) That the trial court erred in denying defendant's motion for a nonsuit; (2) that the trial court erred in instructions to the' jury in that the trial court did not instruct the jury to bring in a verdict of no cause of action; (3) that the trial court erred in denying defendant's motion for a new trial."

Respondent's evidence with regard to the accident is to the effect that on the evening of February 17, 1921, he, in com-

pany with his wife and a Mrs. Williams, was crossing one
of the principal streets in the business district of the city
of Ogden; that in passing over or along the crosswalk re-
spondent "slipped" into a hole in the pavement near the
center of said street; that the hole, stating it in his own
language, was about 6 inches deep in' the deepest place,"
and was "about 14 inches east  *  *  *  and about 18 inches
north and south." Another witness said the hole was about
a foot east and west and about a foot and a half north and
south, "and was about 2 inches deep in one end and from
4 to 6 inches deep at the other end"; that respondent stepped
into the hole, and fell down in the street, and received the
injury complained of. It also appeared that there was much
travel on the street in question and that many people were
passing to and fro over the crosswalk at the time the re-
spondent stepped into the hole, and that neither he nor
those who were with him observed the hole in the street before
respondent was injured as before stated.

There was evidence produced by appellant to the effect
that there was no hole, but a mere depression, of less depth
than that testified to by respondent and his witnesses. The
character and extent of the defect was, however, a matter
exclusively for the jury to determine from the evidence, and
for the purpose of this appeal, we must assume that the jury
adopted the statements of respondent and his witnesses.
There was also evidence produced on behalf of respondent
that the hole was at the place in question for at least two
months prior to the accident.

The city commissioners of appellant, who testified on its
behalf, in substance said that, although all of them had
frequent occasion to pass, and did pass, along and over the
crosswalk in question, they at no time had observed the de-
fect prior to the accident, and not until their attention was
directed to it thereafter.

At the conclusion of respondent's evidence appellant in-
terposed a motion for a nonsuit, and at the conclusion of all
of the evidence it requested the court to charge the jury to
return a verdict in its favor. It is now insisted that the

court erred in denying both the motion for nonsuit and the request to charge as aforesaid. It is also insisted that the evidence is insufficient to justify a finding of negligence upon the part of appellant. As before stated, the weight of the evidence and the credibility of the witnesses were matters for the jury to determine. If, therefore, the evidence most favorable to the respondent's contention is sufficient to sustain the jury's finding, we are powerless to interfere, unless there is some error of law which would vitiate their finding.

Under the repeated decisions of this court the evidence produced on behalf of respondent relating to the defect in the street was sufficient to justify a finding of negligence on the part of appellant. That question is settled by this court in the case of *Shugren* v. *Salt Lake City*, 48 Utah, 320, 159 Pac. 530, where the prior decisions of this court, together with a large number of cases from other courts, are cited and reviewed, in which cases numerous defects in streets and sidewalks are set forth and described. A mere cursory examination of the *Shugren Case* will at once make clear that to permit the defect described by respondent and his witnesses to remain in the street cannot be declared not to have constituted negligence as a matter of law. Whether the defect was dangerous or otherwise, or whether the street or crosswalk was reasonably safe for travel or not, or whether the appellant had exercised that degree of care required by the law as charged by the court, was for the jury, and they resolved those questions against the appellant.

Nor is it an answer to say that, because the city commissioners and others did not observe the defect, for that reason the court, as matter of law, can say that the jury's finding is not sustained by the evidence. It would be rather irregular, if not somewhat hazardous, for a court to say that, because city officials did not observe a particular defect in a street or crosswalk, for that reason it did not exist at all, or, if it did, that it nevertheless was not of that

character which would make the street unsafe or dangerous for travel.

Nor can it be said, as matter of law, that appellant did not have at least constructive notice of the defect. The street or crosswalk where the defect existed being in the heart of the city, and at a place where there was much travel, it was a question for the jury to say whether or not, under all the circumstances, the city had notice of the defect. The court's instructions upon that question, as well as upon all others, were favorable to appellant.

Nor can we say, as matter of law, that respondent was guilty of contributory negligence. The jury also passed upon the question under proper instructions.

It is next contended that the district court erred in denying appellant's motion for a new trial, for the reason that the jury awarded respondent $10 for medical supplies in the absence of any evidence to support such an award. The record discloses that respondent demanded special damages for ''medical services.'' At the trial he testified that the doctor's bill was about $40, and said, ''I don't know what the medicine cost.'' That is all the evidence respecting special damages. The jury in its verdict awarded his ''special damages in the sum of $50.'' The respondent concedes in his brief that the jury allowed $10 for ''medical supplies.'' There is, however, no evidence respecting what medical supplies respondent received, and certainly none respecting the cost or value thereof. We have a case, therefore, where a jury has allowed an item of $10 without any substantial evidence to support such an allowance. The amount allowed is therefore excessive to that extent. Such an excess, however, as pointed out by this court in *Stephens Ranch, etc., Co.* v. *Union Pac. Ry. Co.*, 48 Utah, 528, 161 Pac. 459, and cases there cited, is not sufficient to justify the granting of a new trial upon the ground that the excessive damages are based upon passion or prejudice. Merely to allow damages for an item or items without evidence to support such an allowance does not necessarily show that the jury was actuated by either passion or prejudice, but rather

that the allowance is a mere error of judgment which can readily be corrected by requiring a remittitur for the excess without injustice to any one. Such has been done frequently by this court without granting a new trial. No doubt, when the district court's attention was directed to the matter by appellant in its motion for a new trial, the court should have required the respondent to remit the $10 from the judgment or suffer a new trial. Indeed, in view that the exact amount of the excess is so easily ascertained, and that the same is quite small, the district court should have required the respondent to remit the same unconditionally without imposing a new trial as an alternative. What the district court should have done as a matter of law we can do or direct to be done.

The case was submitted to the jury upon instructions that were full, and fair upon every issue, and, if there is any cause for complaint on the part of appellant, it is because the jury followed the testimony of respondent and his witnesses, rather than the testimony offered by appellant. That is a matter, however, over which this court has no control.

From what has been said it follows that the case should be, and it accordingly is, remanded to the district court of Weber county, with directions to require the respondent to file within 10 days from receiving notice of this decision with the clerk of that court a remittitur of $10 from the judgment as of the date the motion for a new trial was denied, and that court is directed to enter judgment in favor of respondent for the amount of the verdict of the jury less the $10 so remitted. In all other respects the judgment is affirmed; each party to pay his own costs.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.