# CHARLESTON

### PARRISH *v.* CITY OF HUNTINGTON.

### Submitted February 21, 1905.   Decided March 7, 1905.

1. MUNICIPAL CORPORATIONS—*Not Insurers Against Accidents.*

A municipal corporation is not an insurer against accidents upon streets or sidewalks. Nor is every defect therein, though it may cause the injury sued for, actionable. It is sufficient if the street is in a reasonably safe condition for travel, in the ordinary modes, with ordinary care, by day or night; and whether so or not is a practical question to be determined in each case by its particular circumstances. *Yeager* v. *City of Bluefield*, 40 W. Va. 484. (p. 289.)

2.  Municipal Corporations—*Evidence—Presumption of Law.*

   Where the evidence is without conflict, and it is clear and conclusive therefrom that a particular obstruction existed upon the sidewalk of the street of a municipal corporation, it is a question of law as to whether or not the obstruction was such as to render the sidewalk not in a reasonably safe condition, and thereby make the corporation liable in damages to a person injured by reason thereof. (p. 289,)

3.  Municipal Corporations—*Defective Sidewalk.*

   Where a municipal corporation allows one of its sidewalks, which is about ten feet in width, to become obstructed by two stop boxes or water plugs placed thereon standing in the walk three feet from the side thereof next to the gutter, and projecting above the surface of the side-walk, one, two and three-fourth inches, and the other, one and three-fourth inches, and a few inches apart, and each box having a cap thereon, larger than the box itself, and slightly extending over it, it is such an obstruction as to render the walk not in a reasonably safe condition for the traveling public, and makes the corporation liable in damages to a person sustaining an injury by reason thereof. (p. 291.)

4   Municipal Corporations—*Allegations Necessary in Declaration Against.*

   In an action against a city or town to recover damages for injuries sustained by reason of an obstruction upon the sidewalk of one of its streets, it is essential to allege and prove that the street, at the time when, and the place where, the accident occurred, was treated and controlled by the municipality as a public street or thoroughfare. (p. 294 )

5,  New Trial,—*Deductions from Evidence—Province of Jury*

   When some evidence has been given which tends to prove the fact in issue, or the evidence consists of circumstances and presumptions, a new trial will not be granted merely because the court, if upon the jury, would have given a different verdict. But to warrant a new trial in such case, the evidence must be plainly insufficient to support the verdict. (p. 295.)

6.  Municipal Corporations—*Accident on Streets—Contributory Negligence of Child.*

   Where a boy five years old sustains an injury upon the sidewalk of a city or town, by reason of an obstruction thereon, and sues to recover damages therefor, he is not chargeable with failing to exercise that ordinary care which a reasonably prudent person would exercise under similar circumstances. Such boy cannot be guilty of contributory negligence. (p. 289 )

7.  Municipal Corporations—*Instructions—No Conflict in Evidence.*

   Where a binding instruction is given for the plaintiff in an action against a municipal corporation for injuries sustained because of an obstruction on the sidewalk of its street, which omits to tell the jury

that the plaintiff must prove that the street was controlled and treated by the authorities of the corporation as a public street or thoroughfare, it is not erroneous, when the evidence upon that point is without conflict, and where the fact is clearly established and not disputed by the evidence of the defendant: (p. 296.)

8. INSTRUCTIONS—*Misleading Not to be Given.*

     Instructions which do not correctly propound the law applicable to the case, and which are calculated to mislead the jury, should not be given. (p. 299.)

Error to Circuit Court, Cabell County.

Action by Curtis Parrish against the City of Huntington. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

WILLIAMS, SCOTT & LOVETT, for plaintiff in error.

McCOMAS, NORTHCOTT & PERRY and WYATT & HUTCHINSON, for defendant in error.

SANDERS, JUDGE:

The plaintiff, Curtis Parrish, by his next friend, brought an action in the circuit court of Cabell county against the City of Huntington, a municipal corporation, to recover damages for an injury sustained by him by reason of a defect or an obstruction in a sidewalk on one of the streets of the defendant. On the trial of the case, judgment was rendered for the plaintiff in the sum of $450.00, to which a writ of error and *supersedeas* was allowed.

On the 2nd day of June, 1900, the plaintiff, who was then about five years of age, while traveling upon the sidewalk on the south side of Fourth avenue, in the city of Huntington, fell and was injured. The sidewalk where the accident occurred was paved with brick, and nine feet, ten inches in width; and at a distance of three feet four inches from the edge of the sidewalk there were two stop boxes or water plugs, one extending two and three-quarter inches and the other one and three-quarter inches above the surface of the walk. It was seven inches and a half from center to center of the plugs, and each was covered with an iron cap, about four inches in diameter, and larger than the plug itself, leaving a space under the said caps and between the plugs large enough for the plaintiff to catch his foot.

The evidence as to the defect is clear, conclusive and without conflict, and, when this is so, it is a question of law for the court as to whether or not the particular defect or obstruction is such as to render the municipality liable for an injury directly resulting therefrom.    But otherwise if the evidence is conflicting then it would be a question of fact, and should be submitted to the jury.

The decision of the court can have reference only to the case before it; and it is quite difficult, perhaps impossible, to formulate general principles that shall even control similar cases where the circumstances are not precisely the same.

It is insisted by counsel for the plaintiff in error that the obstruction was one for which the city would, in no event, be liable, and that one exercising ordinary care in using the sidewalk, even without notice of the existence of the water box, could not have received an injury from it.    A city is not an insurer against accidents upon its streets and sidewalks.    It is simply required to keep them in a reasonably safe condition for persons traveling in the usual modes by day and night, and using ordinary care.    A man may stumble and fall anywhere—in a house or in a street; but, because he happens to fall in the street, it follows, by no means, that the city is responsible for the injury which he receives. There are slight inequalities in sidewalks, and other trifling defects and obstructions, against which one might possibly strike his foot and fall, but if the injury might be avoided by the use of such care and caution as every reasonably prudent person ought to exercise, for his own safety, the city will not be liable.    This rule, however, is not without exception, and this case comes within the exception.    The plaintiff, being about five years of age, is not chargeable with contributory negligence, and is not required to exercise that care and caution which reasonably prudent persons should exercise; and the question of contributory negligence not entering into this controversy, and the question of the exercise of due and reasonable care not being chargeable to the plaintiff, then was the obstruction such a one as to render the city liable? While it is true, as stated, that a municipal corporation is not an insurer against accidents on its streets and highways, yet it is charged with the exercise of due and reasonable care

in keeping and maintaining its streets so as to prevent injury to persons traveling over them. In this case two water plugs, one projecting two and three quarter inches, and the other one and three-quarter inches above the sidewalk, and near the center thereof, seems to be a very dangerous contrivance to be permitted to exist at a point' where persons have the lawful right to go, and where pedestrians are daily traveling. In using the sidewalks of a city, a pedestrian has the right to presume that they are kept in a reasonably safe condition for travel.

In this case, suppose such a person as could be charged with contributory negligence should be passing over the sidewalk of the defendant, at the point where the accident occurred, and not knowing of the existing defect, should stumble over it and be injured by reason thereof, the city would be liable, unless contributory negligence could be charged to him; that is, that he failed to exercise that ordinary care which a reasonably prudent person would have exercised under like circumstancs. But if contributory negligence could be attributed, then if such an injury should happen after night, and the injured party did not know of the existence of the defect, and could not have discovered it by the exercise of ordinary care such as a reasonably prudent person should have exercised, then there can be no doubt but that the city would be liable for the injury. In this case we have a plaintiff who is not chargeable with that care which is required to be exercised by reasonably prudent persons—in fact, he cannot be chargeable with any degree of care, and not being so chargeable, the question is not involved in this case as to whether or not the injury could have been avoided by the exercise of ordinary care, but it depends upon the question as to whether or not the existing defect in the sidewalk was such as to render the street unsafe for travelers, by day or night, and if such a defect existed, although such a one as could have been avoided by the exercise of ordinary care by an adult, still the mere fact of the existence of the defect and the injury of this plaintiff, one who is not chargeable with ordinary care, renders the city liable. Little children five years old cannot be required in passing over or playing upon the streets of a municipal corporation, to keep that same careful and prudent watch for defects, obstructions and

excavations in the sidewalks of the city that is required of an adult. They do not and cannot, from their age, intelligence and experience, understand the dangers, and appreciate the necessity of looking out for obstructions and defects, and, for that reason, are not chargeable with the exercise of ordinary care. We find that in Massachusetts, a defect almost identical with the one shown to have existed in the defendant's sidewalk was held to be such an obstruction as entitled the plaintiff to recover. The defect complained of in that case was, that there was a shut-off box in the middle of a sidewalk, which was much used for foot travel, projecting on one side an inch and a quarter above the surrounding gravel, over which the plaintiff stumbled and fell, and was thereby injured, and the court held that he was entitled to recover therefor. *Redford* v. *City of Oburn*, 8 Am. Neg. Rep. 249.

The case we have before us is a much stronger case than the one decided by the Massachusetts court. There, it will be observed, the shut-off box only projected on one side an inch and a quarter above the surrounding gravel, but in this case we have two shut-off boxes nearly in the center of the pavement, one projecting one and three-quarter inches and the other two and three-quarter inches above the surface of the walk; and not only that, but they each contained a cap, which projected over the box, leaving a space between the plugs and under the cap sufficient for the foot of a person to protrude, which seems to be a very dangerous obstruction, and one which clearly constitutes negligence upon the part of a city to maintain, Then, in *Susan Loan* v. *City of Boston*, 106 Mass. 450, the court held that: "It is competent for the jury to find that an iron box four inches square, constituting a part of the usual apparatus of a gas company for distributing the gas, set in a sidewalk in the city by the gas-company, a few inches from the curbstone and only one or two feet distant from the junction of a crossway with the sidewalk, and so set that its rim projects an inch above the level of the sidewalk, and left uncovered and empty to the depth of three inches, is a defect in the highway, for an injury resulting from which to a traveler the city may be liable under the Gen. Sts. chapter 44, section 22." In order to properly apply this case to the one at bar, it would probably be well to give the Massachusetts statute referred to. By the Re-

vised Statutes, chapter 25, section 1, it is provided: "All highways. townways, causeways, and bridges within the bounds of any town" are required to be "kept in repair at the expense of such town, so that the same may be safe and convenient for travelers, with their horses, teams and carriages, at all seasons of the year." By section 22 it is provided; "If any person shall receive any injury in his person or property by reason of any defect or want of repair, which has existed for the space of twenty-four hours in any highway," he may recover compensation therefor. Therefore, it will be observed that the Massachusetts statute rendering liable municipal corporations for defective. streets and sidewalks, is very much like our statute upon this subject. Section 53, chapter 43, Code: "Any person who sustains an injury to his person or property by reason of a public road or bridge, in a county, or by reason of a public road, bridge, street, sidewalk or alley in an incorporated city, village or town, being out of repair, may recover all damages sustained by him, by reason of such injury, in an action on the case in any court of competent jurisdiction, against the county court, village, city or town in which such road, bridge, street, sidewalk or alley may be, except that such city, village or town shall not be subject to such action, unless it is required by its charter to keep the road, bridge, street, sidewalk or alley therein, at the place where such injury is sustained, in repair."

In the State of Vermont in an action brought to recover for personal injuries sustained by reason of a water box in the edge of a highway, which projected above the surface of the ground about three inches, the defendant was held liable. *Wilkins Admr.* v. *Village of Rutland,* 61 Vt. 336.

The authorities hold, and it has been repeatedly decided in this State, that there is an absolute duty upon a municpal corporation to keep and maintain its streets and sidewalks in a reasonably safe condition, and if it fails to do so, and an injury results directly therefrom, the city is liable, unless the conduct of the injured party is such as to excuse it. *Sheff* v. *City of Huntington,* 16 W. Va. 307; *Wilson* v. *City of Wheeling,* 19 W. Va. 323; *Chapman* v. *Town of Milton,* 31 W. Va. 384; *Phillips* v. *County Court,* 31 W. Va. 477; *Briggs* v. *City of Huntington,* 32 W. Va. 55; *Gibson* v. *City*

of *Huntington*, 38 W. Va. 177; *Yeager* v. *City of Bluefield*, 40 W. Va. 484; *Van Pelt*, v. *Town of Clarksburg*, 42 W. Va. 218; *Wagoner* v. *Pt. Pleasant*, 42 W. Va. 798; 2 Dillon's Municipal Corp. section 1006; Elliott on Roads and Streets, section 448; *Turner* v. *City of Newburgh*, 16 N. E. 344; *Hubbard* v. *City of Concord*, 69 Am. Dec. 520.

It is contended that the duty as to children and adults is the same, and that the degree of care or skill which the city should use in constructing and maintaining its streets and sidewalks is the same as to all, whether young or old. As to whether or not this position is correct, it is not necessary to decide, because we hold the defect or obstruction to be such as fixes liability on the defendant for any injury directly resulting therefrom. When the defect or obstruction is shown to exist, and is such as renders the street or sidewalk not in a reasonably safe condition, that the injury directly resulted therefrom, and that the sidewalk or street was controlled and treated by the defendant as a street or public thoroughfare, then the plaintiff has established a *prima facie* case, and is entitled to recover, unless defendant can offer some good defense; and it is hard to conceive what defense could be offered to a case like this. The defendant says the water plugs were serving a lawful purpose. This may be true but while they may have been serving a lawful purpose, and while, also, they may have been necessary, still this does not authorize the construction of a death trap or a dangerous contrivance, upon the sidewalk of one of the streets of the city, which all persons traveling over have a right to presume is in a reasonably safe condition. There was no necessity for these water plugs to have been placed in or near the center of the walk, and so as to project above the surface thereof. These plugs could just as well have been placed near the edge of the walk and so as to have been even with the surface thereof, and would have answered all purposes, the same as if allowed to project above the surface, and placed near the center thereof.

Having determined that the obstruction complained of is such as to render the defendant liable, and, also, that the plaintiff cannot be charged with contributory negligence, and with that care that a reasonably prudent person should be charged with, then the next question to be considered is,

whether or not the sidewalk in which this defect or obstruc-
tion was found to exist, was controlled and treated by the
authorities of the defendent municipal corporation as a street
or public thoroughfare within its corporate limits.    Counsel
for the defendant claim that this Court has invariably requir-
ed, in suits for personal injuries on streets or sidewalks, that
it be alleged in the declaration and proved on the trial that
the street or sidewalk has been opened, controlled and treated
as a public street or sidewalk.    This contention is correct,
and unless this is so shown, there can be no recovery against
the city.    *Childrey* v. *City of Huntington*, 34 W. Va. 457.
And other cases decided by this Court hold this doctrine.

When we come to examine the testimony upon this point,
we find it clearly established that this street, at the place
where, and at the time when, the accident occurred, was con-
trolled and treated by the defendant as a public street and
thoroughfare.    The record of the defendant, entered in July,
1887, upon its minute book, shows that the city directed its
committee on streets to grade Fourth avenue from the college
to Twentieth street, and to inquire into the advisibility of
opening the alley back of the college, between Fourth and
Fifth avenues; and then, again, on the 4th day of January,
1899, another order was entered by the defendant upon its
record, which is, "Ordered that the lots of property owners,
be and they are hereby directed to put down a sidewalk four
feet wide, of either stone, brick or plank, in front of their
respective lots or property, on the north side of Buffington
Avenue, between Nineteenth and Twentieth streets, also, on
the north and south sides of Fourth avenue, between Eigh-
teenth and Twentieth streets.    Said improvements to be com-
pleted within thirty days from date of notice."    The side-
walk on the south side of Fourth avenue, between Nineteenth
and Twentieth   streets,   would   be   included   in   the last or-
der,    and Fourth avenue, from the   college   to Twentieth
street, would also include the point between Nineteenth and
Twentieth streets, on the same avenue; the accident having
occurred between Nineteenth and Twentieth streets.

Then, again, Joseph S. Stewart testified that he was a
street commissioner of Huntington, his last service being in
1894; that during his term of office he worked and "kept up,

by virtue of his office," Fourth avenue, between Nineteenth and Twentieth streets, and also looked after the sidewalks.

A. E. Womeldorff, another witness, testified that he was, at the time of giving his testimony, the street commissioner of the city of Huntington, and had held such position since 1900. That he had known that part of the city between Eighteenth and Twentieth streets, on the south side of Fourth avenue, for twenty years, and that there was a brick sidewalk on Fourth avenue, between the streets named, which had been there for ten years. That in August, 1900, he was ordered by the city council to notify the property owners and the water works company to have the plugs lowered; that the plugs were put down as the people could do so.

This evidence clearly establishes the fact that the street and sidewalk where the accident occurred was controlled and treated by the city as one of its streets and highways. There is no controversy on this point. The defendant does not dispute this fact. Not a particle of testimony is offered by the defendant to the effect that this street was not opened, controlled and treated by it as a public thoroughfare. But still, this does not relieve the plaintiff from establishing this fact; but where there is no claim, not even the slightest contention that such is the case, of course it would require less evidence to establish that fact.

Did the injury result from the defect in the sidewalk? This question hangs largely upon the testimony of the father of the plaintiff, he being the only eye-witness to the transaction, the boy himself not being introduced, probably on account of his youthfulness. The father testifies that his boy fell as a result of striking his foot against the water box, or that he caught his foot between the two plugs; he doesn't know which. There is no evidence in contradiction of this, except that there was an effort to show that the father had made some inquiries about how the boy had been hurt. These were all questions for the consideration of the jury, and the jury having passed upon them, and having found that this boy was injured by reason of the obstruction, this Court cannot disturb its findings.

The plaintiff asked the court to give to the jury four instructions, which were objected to by the defendant, and the court sustained the objection as to Nos. 1 and 2, and gave

to the jury Nos. 3 and 4, which are as follows, and which the defendant claims was error:

*No. 3.*—"The court instructs the jury that if they believe from the evidence in this case, that the defendnat, at the time the accident occurred, was required by its charter to keep the sidewalk therein, at the place where the injury was sustained, in good and sufficient repair; that the sidewalk on which the injury occurred was at the time within the corporate limits of the defendant; that the sidewalk at the place where the injury was sustained, was out of repair as alleged in the declaration, and by reason thereof, the plaintiff was injured, then the plaintiff is entitled to recover."

*No. 4.*—"The court instructs the jury that the defendant is bound to use reasonable care and precaution to keep and maintain its streets, bridges and sidewalks in good and sufficient repair to render them reasonably safe for all persons in the exercise of ordinary care while passing on or over the same, and if the jury believe from the evidence that the defendant, the City of Huntington, failed to use reasonable care and precaution to keep the sidewalk mentioned in the declaration in such repair and that the injury complained of resulted from that cause as charged in the declaration and that the plaintiff sustained damages thereby while exercising such a degree of care and caution as under the circumstances might reasonably be expected of one of his age and intelligence, then he is entitled to recover of the defendant in this suit."

It is claimed that instruction No. 3 is binding, and that it was erroneous, for the reason that this Court has invariably required, in suits for personal injuries on streets or sidewalks, that it be alleged in the declaration and proved on the trial that the street or sidewalk was opened and controlled and treated as a public street or sidewalk, by the municipality sought to be charged. If there had been any contention upon the trial of this case that this street was not controlled and treated by the defendant as a public street, or if there could have been, in the face of the evidence, a question raised as to whether or not this fact had been clearly and conclusively established, then this instruction would probably have been erroneous, because this is one of the necessary elements to be proved before a recovery can be had; but where the proof is

clear and conclusive, the evidence is without conflict, and there can be no question as to whether or not a particular fact in a case has been established, it is not error on the part of the court to fail to instruct the jury on that particular point. In other words, in this case it would not have been error if the court had instructed the jury that it was their duty to find, from the evidence, that this street, at the time and place of the accident, was controlled and treated by the city as a public street. Therefore, inasmuch as this fact was, without question, established, it was not necessary for the court to present it to the jury in this instruction.

The other reason given why this instruction was erroneous is not sound, because, as before stated, under the facts of this case it was a question of law for the court as to whether or not the defect or obstruction was such a negligent act as to make the city liable, and, inasmuch as the evidence was without conflict and clearly established the fact that the street was not in a reasonably safe condition, there could certainly have been no harm done to the defendant by this instruction.

What has been said in reference to instruction No. 3, can also be applied to instruction No. 4.

The defendant complains that the court refused to give for it instructions Nos. 1, 2, 3 and 5.

*No. 1.*—"The court instructs the jury that the city is not liable for any injury sustained by the plaintiff by reason of a defect in the sidewalk, unless the sidewalk in question, at the time and place of alleged injury was not in a reasonably safe condition for travel in the ordinary modes by day or night by persons exercising ordinary care, and in considering the question whether such sidewalk was at such time and place in such condition they cannot consider the fact that the plaintiff in this case was at the time of such injury a child of tender years."

The court properly refused to give this instruction, because, as hereinbefore referred to, contributory negligence could not be attributed to the plaintiff, and he was not required to exercise ordinary care, such as a reasonably prudent person should exercise in walking over the streets of the defendant city; and this instruction, by using the words, "*by persons exercising ordinary care.*" tells the jury that they should con-

sider whether or not the plaintiff did *exercise ordinary care* at the time of the accident, meaning thereby that this boy, of about five years of age, unless exercising such care as a reasonably prudent person would have exercised under such circumstances, could not recover. This is not the law, and the court properly refused this instruction. Then, again, adverting to that part of the instruction which says, "they cannot consider the fact that the plaintiff in this case, was, at the time of such injury, a child of tender years." The instruction, being bad for the other reasons given, it is not necessary to decide this question, but it would seem that the streets of the defendant should be kept in a reasonably safe condition for the use of all pedestrians, whether children or adults, young or old, and, when so kept, the city has discharged its duty to the public, and the only reason for the consideration of the youth of the plaintiff, and his lack of experience and intelligence, would be for the purpose of determining what degree of care should be required of him.

*No. 2.*—"The court instructs the jury that in determining whether the stop boxes described in the declaration, in their construction and location, constituted actionable defects in the sidewalks, they have the right to consider whether the said boxes were serving a lawful and useful purpose."

The law upon this subject has been adverted to in a former part of this opinion, and it is hardly necessary to again say that this instruction does not correctly propound the law. The jury had no right to consider that these stop boxes or water plugs were serving a lawful and useful purpose. The purpose may have been lawful; it may have been useful; but that cannot be argued as a reason why a city should be permitted to place obstructions upon its sidewalks or streets, so dangerous to the traveling public.

*No. 3.*—"The court instructs the jury that in order to find any verdict for the plaintiff in this case, they must find from a preponderance of all the evidence that by tripping upon one of the stop boxes described in the declaration, he fell over and across the other of said stop boxes, and the said brick sidewalk, and sustained a blow in the lower part of his abdomen and that from effects of said blow, the said rupture or other internal injuries were sustained."

This instruction tells the jury that in order to find a verdict for the plaintiff, they must believe from the evidence that by tripping upon one of the stop boxes described in the declaration, *he fell over and across the other of said stop boxes and the said brick sidewalk.*  In this language this instruction is erroneous.  It was not necessary for the jury, in order to find for the plaintiff, to believe that the plaintiff fell over and across the other of said *stop boxes,* but, under the declaration, if the plaintiff caught his foot under the water plugs or stop boxes, or ran against them in such a way as to throw him either upon the sidewalk or the stop box, then the city is liable, and, therefore, this instruction would be misleading, and the court properly refused to give it.

*No. 5.*—"The court instructs the jury that the standard of condition of its sidewalks which the defendant is required to maintain, is not such as to make its sidewalks absolutely safe for travel by an infant of the age of the plaintiff."

There was no error in refusing to give this instruction, for reasons heretofore given, that there being no conflict in the evidence, it was a question of law as to whether or not the defect was such a one as to render the city liable, and for which the plaintiff could recover; and not only that, this instruction is calculated to mislead the jury, wherein it says, "is not such as to make its sidewalks *absolutely* safe for travel by an infant of the age of the plaintiff," as much as to imply that the sidewalk was in a *reasonably safe condition,* and that it was not required to be placed in an *absolutely* safe condition by the defendant.

For the reasons given, the judgment of the circuit court is affirmed.

*Affirmed.*