### DAVIDSON v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

MUNICIPAL CORPORATIONS (§ 768*)—DEFECTIVE SIDEWALKS—"OBVIOUSLY DANGEROUS."

    A flagstone in a sidewalk 6 feet wide, which projected at the highest point 2½ inches above the other stones, and gradually decreased in height until it was level with the other stones at the outside of the walk, was not an "obviously dangerous" defect, which would render the city liable for injuries to a person tripping and falling over it.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1624; Dec. Dig. § 768.*]

    Woodward, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Caroline Davidson against the City of New York. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

James D. Bell, for appellant.

Henry E. Heistad, for respondent.

GAYNOR, J. This case did not go to the jury on the theory that one flag might be above the other as much as 5 inches at the outside by the tree—the highest point. On the contrary, there was the testimony of an engineer that by actual measurement by him the elevation at such highest point was only 2½ inches (and it gradually decreased to nothing at the outside of the flag walk, the width of which was 6 feet); and the learned trial judge charged the jury that they had to accept that evidence as against the loose estimates which had been testified to. Moreover, the learned trial judge refused to charge the request of the defendant that if the jury found that the elevation was only 2½ inches at the highest point, and ran from that down to nothing, and that the plaintiff simply tripped and fell, the defendant was not liable; so that this is the precise point of the case. It is impossible to free a city from such slight defects, and unreasonable to say, or permit a jury to say, that they are "obviously dangerous," which is the test of the city's liability. We know that they are not. If they were, thousands and thousands would be hurt by them hourly. That it is "possible" for some one out of many, out of millions, it may be, to trip on such a defect does not make it dangerous. Probability, not possibility, governs. Butler v. Village of Oxford, 186 N. Y. 444, 79 N. E. 712; Gastel v. City of New York, 194 N. Y. 15, 86 N. E. 833.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except WOODWARD, J., who dissents.

WOODWARD, J. (dissenting). The plaintiff, a woman 60 years of age, weighing something over 200 pounds, blind in one eye, tripped upon a flagstone in a sidewalk on Twenty-Third street, between Fourth and Fifth avenues, in the borough of Brooklyn, and fell, sustaining injuries for which the jury has awarded a verdict of $1,000. The sidewalk in the vicinity of the accident appears to have been in good condition, but the particular flagstone which caused the accident had been gradually raised by the growth of the roots of a tree, until it was conceded, the end of it next to the tree, between the walk and the curb, was raised about 2½ inches. The plaintiff's witnesses place it as high as 5 inches. The plaintiff testifies that, walking along this sidewalk in the early afternoon of a day in February, she caught her foot under the edge of this raised flag and fell forward, with the resulting injuries.

It is strenuously urged by defendant's counsel that this elevation of the flagstone did not constitute actionable negligence on the part of the defendant, and various cases, familiar to the court, are cited; but I am persuaded that the case was one for the jury. It is true that there have been cases of obstruction which, in some views, would not

seem materially different from the one at bar, where the court has held that there was no liability; but there was evidence in this case from which the jury might find that this flagstone projected above the general surface of the walk five inches, and that it was so raised that one might get his foot caught under the same, as the plaintiff testifies occurred in her case; and, if this was the case, it clearly presented a question of fact for the jury.

Aside from the oral testimony, there was a photograph in evidence, which not only shows a considerable obstruction, but it shows the surrounding walk to be very smooth, and it is to be observed that this result has been produced by the city, or some one, cutting out portions of the walk near the foot of trees along the walk, in such a manner as to permit of the growth of the roots without raising the sidewalk. This might be of importance in the estimation of practical men, as evidencing the degree of care which was proper on the part of the defendant at this point. Every case of this character must depend upon its own peculiar facts, and the fact that the courts have, under particular circumstances, held as matter of law that the defendant was not liable, is not controlling in a case where the facts are entirely different. For instance, an elevation of the flagging of several inches, where the general conditions were such as not to warrant a continuation of the flagging, and the walk became a mere pathway, might not be negligence, where a less elevation on a busy thoroughfare, where one was likely to have his attention diverted, and where it was reasonable to expect a continuation of a general condition, would be highly negligent.

This case was submitted to the jury upon a charge which was not objected to by the defendant. Several requests to charge, which, in so far as they correctly stated the law, had already been covered by the charge, resulted in a few exceptions; but I am not able to see that anything prejudicial to the defendant resulted. The charge, as it finally went to the jury, could not reasonably be misunderstood. It was certainly not calculated to prejudice the case in favor of the plaintiff, and the learned trial court having denied the motion for a new trial, and the evidence supporting the verdict, it should not be overruled here.