# CHARLESTON.

Ruhalia Holsberry *et al* v. City of Elkins.

Sumbitted April 27, 1920.    Decided May 11, 1920.

1. Municipal Corporations—*City not Liable to Pedestrian Falling at Slightly Raised Place in Sidewalk, Rendered Slippery by Snow.*

   A slight raised place in the sidewalk of a city, not sufficient of itself to constitute a defect therein, does not render the city liable to a pedestrian who' slips and falls thereon when such place is rendered slippery by snow and ice and children coasting thereon.  (p. 487).

2. Same—*City not Liable for Failure to Prevent Coasting on or for not Properly Lighting its Streets.*

   A city is not liable for neglect in the performance of its purely discretionary or governmental functions and is, there-. fore, not liable for failing to prevent coasting on its streets, or to properly light its streets, even though expressly given the power by its charter to light them, in the absence of a statute making it the duty of the city to do so.  (p. 490).

   (Lynch, Judge, absent).

Error to Circuit Court, Randolph County.

Action by Ruhalia Holsberry and others against the city of Elkins.  Judgment for defendant, and plaintiffs bring error.

*Affirmed.*

*A. M. Cunningham* and *Samuel T. Spears,* for plaintiffs in error.

*Arnold & Arnold,* for defendant in error.

Williams, President:

The principal question, presented on this writ of error prosecuted by the plaintiff to a judgment for the defendant, the city of Elkins, in an action of trespass on the case for injury alleged to have been received on account of a sidewalk of the city being out of repair, causing plaintiff to slip and fall, is, was the sidewalk out of repair within the meaning of section 154, ch: 43, Code 1918, giving a right of action to the party injured against

an incorporated town or city? This is a practical question. Plaintiff was going to church about 7 o'clock in the evening and slipped on a brick sidewalk, on Randolph Ave., and fell, causing the injury. She says she thinks she slipped on a raised place in the sidewalk, and the evidence is that, at the point where she fell, there is a swell or raise in the sidewalk, sloping gradually to the center for a distance of about two feet, which is one to one and a half inches higher in the center than the other portions of the sidewalk, caused by the root of a maple tree that stood in the grass plot between the sidewalk and the curb, growing underneath the walk. It is insisted that this raise in the sidewalk, being made slippery by the snow and ice and the children skating or coasting over it, rendered it out of repair within the meaning of the statute. The principal assignment of error is the refusal of the court to give plaintiff's instruction No. 3, which squarely presented the question. It is as follows:

"The court instructs the jury that if they believe from the evidence in this case that at the point in the sidewalk where the plaintiff Ruhalia Holsberry slipped and fell the sidewalk was slick and slippery by reason of the snow having fallen thereon, and the children coasting, skating and sliding thereover, and that the said plaintiff while exercising due care slipped and fell because of said slippery condition caused by said coasting, skating and sledding by children over said sidewalk as aforesaid, then said slippery condition constituted said sidewalk out of repair as contemplated by the laws of this state, and the jury should find for the plaintiffs."

This instruction was properly refused. Plaintiff's injury occurred on the 7th day of February, and about an inch of snow had fallen that day, and the weather was cold, making the sidewalks generally slippery. This case is unlike the case of *Boyland* v. *Parkersburg,* 78 W. Va. 749, cited and relied on by plaintiff's counsel. In that case the city was held liable because it had permitted the water falling on the roof of a house to be collected and cast upon the sidewalk by a down spout of a house. The water froze as it ran across the surface of the sidewalk and formed a hump or ridge of ice upon which plaintiff, ignorant of the condition, slipped and fell and injured himself. There the city was

negligent in permitting the water to be collected in a body and cast upon the street, and when the water froze it constituted a defect in the sidewalk. The present case is quite different. Here the city was guilty of no breach of ministerial duty, unless suffering the slight raise in the sidewalk to exist and the children to skate or slide over it when covered with snow, thus making it more slippery than it would otherwise have been can be said to constitute such breach by causing the sidewalk to be out of repair. The effect of the statute is not to constitute a municipality an insurer against accidents, neither does it render it liable for an injury, unless the injury is caused by the obstruction of the street or its being out of repair, and by being "out of repair", this court has frequently said, means not reasonably safe for travel by the ordinary modes by day or by night, which is a practical question. *Wilson* v. *City of Wheeling,* 19 W. Va. 323. The principle there announced has been followed uniformly by this court in numerous cases since then. The evidence that the sidewalks of the city were generally slippery on account of the snow that had just fallen, is undisputed, and plaintiff in using the street was bound to know it and was required to exercise a greater degree of care for her safety than she otherwise would, she had walked some distance before she fell, and must have known of the slippery condition of the walk. That she was more apt to fall on the raised place and did actually slip and fall on it, does not of itself prove the sidewalk was out of repair at that place. Unless the swell was such as to constitute a defect and render the street out of repair within the meaning of the statute, then the fact that it was made slippery on this occasion, by the snow and ice and children skating thereon, does not make it such; it does not augment the city's liability. This question was properly submitted to the jury by defendant's instruction No. 13, the converse of plaintiffs' No. 3 refused. This instruction told the jury "that if they believe from the evidence that the sidewalk where the accident occurred was so constructed as to be sufficiently smooth for ordinary travel, and that the accident was *contributable* (attributable) solely to the slippery condition of the sidewalk, occasioned by a snow fall on the day of such accident, it being Sunday, and that the walk was

made more slippery that day by children sliding upon their shoes or coasting with sleds, and that the sole cause of the said accident was said temporary slipperiness as aforesaid, such condition of the sidewalk' would not be a defect for which the city would be liable." This instruction properly submitted the question to the jury. The city is not liable for its failure to forbid or suppress coasting in the street, because that would be the exercise of its governmental or discretionary, and not its ministerial function, and for neglect or failure to perform its governmental function a city is not liable unless expressly made so by statute. *Gibson* v. *City of Huntington,* 38 W. Va. 177. The great weight of authority is to the effect that a municipality is not liable for injury to travelers, caused by coasting in the highway, permitted by the public authorities. Nor is it liable for failure to forbid such practice or to enforce an ordinance forbidding it, and the reasons generally given for such holding are that such use of the highway does not constitute a defect or obstruction therein, and the duty to prevent such use of the highway is a public or police duty rather than a corporate one. 13 R. C. L., sec. 253; 6 McQuillin Mun. Corp., sec. 2771, and cases cited in note; 4 Dillon Mun. Corp. (5th ed.) sec. 626; and cases collected in a note to the case of *Van Cleef* v. *Chicago,* reported in 23 L. R. A. (N. S.) 369 under the head of "Coasting". A city is not liable to a traveler who falls and is injured on a street, rendered slippery by persons coasting or sliding thereon regardless of whether it has an ordinance forbidding such practice or not. Because the regulation of the use of its streets and highways falls within its legislative or governmental function. But its liability for injury occasioned by an obstruction in the street or by its being out of repair is because of its failure to perform a ministerial duty imposed upon it by the legislature. Our statute imposes the positive duty upon a municipality to maintain its streets in a reasonably safe condition.

There is some evidence tending to show that the street was dark at the point where plaintiff fell, but this does not increase or create liability. The lighting of its streets is a discretionary or governmental function, and a city is not liable for failure to light them even though it may own its own plant for that pur-

pose, unless such lighting is necessary to warn travelers of some defect or obstruction in the street, or unless its charter or some general act of the legislature imposes on it the duty to light them. The mere power given it by charter to light its streets does not render a city liable for failure to exercise such power. The duty to do so must be expressly created by statute to create liability. Although, by its charter, the city of Elkins is given power to. light its streets, there is no statute to which our attention has been called, and we know of none, imposing a duty on it to do so. 6 McQuillan on Mun. Corp., sec. 2645; 6 McQuillin on Mun. Corp., sec. 2806 and numerous cases cited in note; 13 R. C. L. 354.

The facts of this case are similar to those in *Yeager* v. *City of Bluefield,* 40 W. Va. 484, the chief difference being that in the Yeager case plaintiff slipped and fell on the street because of its slippery condition on account of the accumulation of mud on the street crossing, whereas in the present case the slipperiness was caused by a snow fall and children skating or coasting on the sidewalk. And the principles announced in that case are peculiarly applicable to this one.

The judgment will be affirmed.

*Affirmed.*