## CHARLESTON.

FRANK SILVERTHORN *v.* CITY OF CHESTER

(No. 6342)

Submitted January 22, 1929. Decided January 29, 1929.

*Ingram & Levy,* for plaintiff in error.
*Ramsay & Wilkin,* for defendant in error.

LITZ, JUDGE:

The plaintiff obtained a verdict and judgment of $3200.00 for personal injuries, against the defendant, a municipal corporation of Brooke county.

. On June 22, 1927, while walking home at night along the right side of Third Street in said municipality, the plaintiff stepped to the right over a steep declivity to avoid contact with an automobile approaching on the same side of the street from the opposite direction; thereby sustaining serious and permanent bodily injury. The street was laid with a concrete surface nine feet wide, but was not provided with a sidewalk for pedestrians in the vicinity of the accident. Pedestrians were therefore accustomed to use the concrete surface stepping to the right or left side thereof, as the occasion might demand, to avoid vehicles. An embankment which formerly furnished a space to the right of the concrete surface in the direction the plaintiff was going for the protection of pedestrians from passing vehicles, had washed away several months before the injury, leaving a sheer drop of seven feet from the edge of the concrete at the place of the accident.

The trial court held that the defendant was guilty of negligence as a matter of law in failing to restore the embankment to its original condition, and submitted to the jury only the issue of contributory negligence on the part of the plaintiff. The defendant insists that the question of its negligence also was one for jury determination.

As the facts are undisputed (no evidence having been offered by the defendant) and are such as would reasonably support only the conclusion of negligence by the defendant, the ruling of the circuit court must be affirmed. ''Whether

or not a county road (or street) is out of repair, depending not upon conflicting testimony, but upon clear established or admitted facts which are of such a character that reasonable minds should not differ concerning their effect, is a question of law for the court to decide." *Whittington* v. *County Court*, 79 W. Va. 1; 29 C. J., 718; 13 R. C. L., 515; *Richmond* v *Lambert*, 111 Va. 174, 68 S. E. 276, 28 L. R. A. (N. S.) 380. The duty of a city or town to keep its streets and sidewalks safe for foot passengers and vehicles is not met by keeping simply the bed of the highway or the surface of the sidewalk in proper condition; such duty is violated if a dangerous obstruction or excavation is permitted so close to the margin of the sidewalk or highway as to make the use of it dangerous. *Biggs* v. *Huntington*, 32 W. Va. 55, 9 S. E. 51.

*Affirmed.*