AUBRA ROTH *v.* CITY OF MOUNDSVILLE

(No. 8439)

Submitted February 10, 1937. Decided February 23, 1937.

*Everett F. Moore* and *Evans & Evans*, for plaintiff in error.

*John K. Chase,* for defendant in error.

KENNA, PRESIDENT:

In an action of trespass on the case brought by Aubra Roth against the City of Moundsville, the Circuit Court

of Marshall County, at the end of the plaintiff's proof, directed a verdict for the defendant. To the judgment of *nil capiat* the plaintiff prosecutes this writ of error.

Viewing the evidence, as we must for the purposes of this review, most favorably to the plaintiff, we find that she was injured on the evening of January 3, 1931, at about seven-thirty by stumbling over a slab in the concrete sidewalk on Fifth Street in the City of Moundsville. The block was six feet wide and the root of a tree growing in a narrow parkway between the curb and the outside of the concrete paving had lifted it a distance of from three to four inches on the outside and approximately two inches on the inside, making a perpendicular "rise" in the sidewalk between the raised block and the one next to it, the "rise" facing the direction from which the plaintiff was walking. The plaintiff testified that she had never been on that particular sidewalk before. At the time of the accident, she and her husband were walking briskly, he on the inside and she on the outside next to the street. Although there is evidence tending to show that the plaintiff was not as observant of her surroundings as was her husband who accompanied her, in our opinion, there is nothing contained in this record from which the trial court would have been justified in holding as a matter of law that the negligence of the plaintiff was the proximate cause of her own injury.

According to the showing in this record, the trial court directed the verdict for the defendant because he was of the opinion that the plaintiff had failed to prove negligence on the part of the defendant. The duty of a city to maintain its streets and sidewalks in suitable repair for travel in the ordinary mode by day and by night is an absolute duty imposed by statute. Code 17-9-33; *Chapman* v. *Milton*, 31 W. Va. 384, 7 S. E. 22; *Campbell* v. *Elkins*, 58 W. Va. 308, 52 S. E. 220, 2 L. R. A. (N. S.) 159; *Boyland* v. *Parkersburg*, 78 W. Va. 749, 90 S. E. 347. In order to justify a recovery, neither notice of the defect on the part of the city nor negligence need be shown. *Chapman* v. *Milton*, 31 W. Va. 384, 7 S. E. 22. We are of the opinion that the proof in this case is suf-

ficient to establish the fact that the sidewalk in question was, within the meaning of the statute, out of repair, and to present at least a question for jury determination as to whether or not that fact was the proximate cause of the plaintiff's injury. That being so, we believe that it was error to direct a verdict for the defendant upon the ground that the plaintiff had not made a *prima facie* case. As we have already pointed out, it was not necessary for the plaintiff to show negligence on the part of the defendant in order to recover.

It is true that the declaration filed herein alleges that the plaintiff's injuries were caused by the negligence of the defendant in failing to keep the particular sidewalk in repair. This, in our opinion, was improper pleading calculated to confuse, but not enough to render the declaration fatally defective if it contained sufficient averment otherwise to show facts giving rise to the duty of the city, the breach of that duty and the consequent injury of the plaintiff. The averment concerning negligence should have been regarded as surplusage. *Wilson* v. *Phoenix Powder Mfg. Co.*, 40 W. Va. 413, 21 S. E. 1035, 52 Am. St. Rep. 890. We are of the opinion that, viewing the declaration in this light, it is sufficient to justify the submission of the case to a jury under the facts proven.

For the foregoing reasons, we are of the opinion to reverse the judgment of the Circuit Court of Marshall County, set aside the directed verdict, and remand the case for a new trial.

*Reversed and remanded.*