EVELYN N. WATKINS, *et al.*

*v.*

CITY OF CLARKSBURG, *etc.*

(No. 12926)

Submitted April 25, 1972.                    Decided July 5, 1972.

*Young, Morgan & Cann, Roger J. Morgan,* for appellants.

*Steptoe & Johnson, Willis O. Shay,* for appellee.

CAPLAN, JUDGE:

This is an appeal from a final judgment of the Circuit Court of Harrison County in an action wherein the plaintiffs, Evelyn N. Watkins and Eugene W. Watkins, her husband, sought recovery of damages for injuries received by Evelyn N. Watkins as a result of a fall on a sidewalk in the City of Clarksburg. In their complaint the plaintiffs allege that the fall suffered by Mrs. Watkins was caused by a defective, neglected and out-of-repair sidewalk.

Upon trial of this case the jury found for the plaintiffs and assessed damages in the sum of $5,000.00 for Evelyn N. Watkins and $500.00 for Eugene W. Watkins. The defendant, City of Clarksburg, thereupon filed a motion to set aside the judgment and to be awarded a new trial. This motion being sustained by the court, the judgment was set aside and a new trial was awarded.

The facts giving rise to this controversy are not materially in dispute. It appears from the record that on June 21, 1965 at approximately twelve noon the plaintiff, Evelyn N. Watkins, accompanied by her daughter, was walking in an easterly direction on a sidewalk in the City of Clarksburg, across the street from the Harrison County Courthouse. It was a bright sunny day and the undisputed testimony was that there were "a lot of people on the street at that time". According to the testimony of Mrs. Watkins and her daughter they were walking along at a set pace about two or three feet behind those preceding them and at about the same distance from those behind them. They were approximately two to three feet from the curb. As they came to the area where the Stripe Discount Store and the Community Savings and Loan building join, the plaintiff, Evelyn N. Watkins, tripped on a raised portion of concrete and fell to the sidewalk. She testified that she did not see the defect in the sidewalk but was walking so as "not to run into anyone". It was by reason of the injuries suffered from this fall that she instituted this action against the City of Clarksburg.

It is undisputed that the sidewalk where she fell was defective. This defect consisted of the slab of concrete on the east being of a higher elevation than the slab adjoining it on the west. Although admitting that this condition existed, it is the defendant's contention that such offset in the sidewalk was not of such character as to render the defect actionable. It appears to be the city's position that the defect is minor in nature and does not constitute a condition of being out of repair as contemplated by Code, 1931, 17-10-17, as amended, which was in effect at the time

this cause of action arose. Furthermore, says the defendant, this defect being an open and obvious one, should have been observed by the plaintiff and her failure to so observe and avoid the defect in the sidewalk constituted contributory negligence as a matter of law which would bar recovery.

Appearing as a witness for the plaintiff was Mr. Thomas R. Craig, who, at the time of Mrs. Watkins' injury, was city manager of the defendant City of Clarksburg. Mr. Craig testified that the city's director of public works had called to his attention the subject defect in the sidewalk. As a result Mr. Craig, as city manager, wrote a letter to the manager of the Clarksburg Water Board, wherein he acknowledged the existence of the defect and noted that two claims for damages had been filed against the city by reason of pedestrians having tripped on said defect. The purpose of his letter was to determine whether a ruptured water line had caused this unevenness in the concrete sidewalk. Witness Craig, an engineer by profession, testified further that early in June, 1965, prior to the plaintiff's fall, he had examined this sidewalk and found the elevation between the two slabs to be between one and one-fourth and one and one-half inches. He acknowledged that such elevation diminished as it went from the curb toward the building.

Another witness, Mr. Delbert R. Ward, who assisted Mrs. Watkins after she fell, testified as to the existence of the defect and said that in his opinion the elevation between the slabs of concrete was an inch to an inch and a half. Mrs. Watkins testified that the slab of concrete on the east was one and one-half to two inches higher than the adjoining slab on the west.

Paul A. Horner, Jr., a civil engineer, appeared as a witness on behalf of the city. He testified that he was requested by counsel for the city to inspect the sidewalk at the place where this incident occurred for the purpose of determining the height of the defect in the sidewalk.

Admittedly, this inspection was made by Mr. Horner approximately two years after the plaintiff fell and a considerable time after the sidewalk has been repaired. The repair was accomplished by sloping the westerly portion of the sidewalk to meet the adjoining slab, giving the walk a ramp effect. Upon being asked, Mr. Horner testified that he did not know whether the difference in the height of the two blocks was or could have been caused by settlement of the sidewalk. He had never examined the sidewalk before and stated that he made no measurements until about ten days prior to the trial. Mr. Horner testified that by his measurements the height of the defect was approximately 94 hundredths of an inch at the curb and decreased to 74 hundredths of an inch at a point three feet eight inches from the curb.

An examination of the record reveals that the only material matter in dispute relates to the height of the defect in the sidewalk where the plaintiff fell. This figure ranges from 74 hundredths of an inch to two inches according to the testimony of witnesses at the trial.

The principal question presented here is whether the court erred in holding that the defect was not actionable as a matter of law. The question of contributory negligence as a matter of law raised by the defendant will also be considered. The plaintiffs, of course, take the position that in the circumstances of this case, considering Code, 1931, 17-10-17, as amended, as it read in June, 1965, a jury question was presented and the court erred in setting the jury verdict aside.

Code, 1931, 17-10-17, as amended, where pertinent, reads as follows: "Any person who sustains an injury to his person or property by reason of any * * * sidewalk or alley in any incorporated city * * * being out of repair may recover all damages sustained by him by reason of such injury, in an action against the * * * city, * * * in which such * * * sidewalk or alley may be * * *."

The above quoted statute imposed absolute liability upon a municipality for an injury suffered by reason of a sidewalk being out of repair. *Taylor v. City of Huntington,* 126 W.Va. 732, 30 S.E.2d 14. The word "absolute" does not refer to the cause of liability but only to the liability when it exists. In other words, if a sidewalk is out of repair, as contemplated by the statute, no excuse for the existence of the condition of disrepair will relieve the city of liability for an injury caused thereby. *Burdick v. City of Huntington,* 133 W.Va. 724, 57 S.E.2d 885. There is no requirement in the statute that negligence on the part of the city must be proved. In the instant case, therefore, unlike many of the cases cited by the defendant, it is not incumbent upon the plaintiff to prove that the city was negligent or that it could have forseen the injury caused by the defective sidewalk. *Roth v. City of Moundsville,* 118 W.Va. 283, 190 S.E. 332.

In regard to the existence of liability by reason of a defective sidewalk, it has universally been held by courts in this and other jurisdictions that a municipality is not an insurer against injuries caused by every defect in all the sidewalks throughout its length and breadth. *Yeager v. City of Bluefield,* 40 W.Va. 484, 21 S.E. 752. Whether a sidewalk is out of repair within the meaning of the statute is dependent upon the facts of each case. This was subscribed to by the Court in the *Yeager* case, *supra* wherein it was said that although a city is not an insurer and that every defect in a sidewalk does not give rise to a valid cause of action, whether a defect is actionable " 'is a practical question to be determined in each case by its particular circumstances.' " See *Jones v. City of Mannington,* 148 W.Va. 583, 136 S.E.2d 882; *Costello v. The City of Wheeling,* 145 W.Va. 455, 117 S.E.2d 513; *McCormick v. City of Racine,* 227 Wis. 33, 277 N.W. 646; *Griffin v. City of Cincinnati,* 162 Ohio St. 232, 123 N.E.2d 11 and *Stinnett v. City of Waco,* (Tex.) 180 S.W.2d 433.

It is not satisfactory, in our opinion, to reach a decision on the state of disrepair of a sidewalk, as contemplated by

the statute, on the basis of inches alone and a determination made only on that basis is unacceptable. This was cogently expressed by the court in *Johnson v. Eau Claire,* 149 Wis. 194, 135 N.W. 481, at page 483 in the following language, with which we concur: "It will not do to rest the rule upon inches only. That is a factor in arriving at the result, but the other conditions and surrounding circumstances must also be considered." In the *Griffin* case, *supra,* the court said: "All the attendant circumstances should be taken into consideration, and whether a sidewalk is reasonably safe or dangerous for travel does not depend alone upon the matter of elevation or depression. The locality, the amount of use and travel, the condition of the sidewalk as a whole, whether it is in a business or a residence neighborhood, and whether it is in a solidly or sparsely built up section are all circumstances which must be taken into consideration in addition to an elevation or depression."

As noted by this Court in *Jones v. City of Mannington,* 148 W.Va. 583, 136 S.E.2d 882, a municipal sidewalk is out of repair, as contemplated by Code, 1931, 17-10-17, as amended, when the municipal corporation allows it to become unsafe for ordinary and lawful use by usual modes and with reasonable care by day or night. The Court went on to say: "Whether a street or sidewalk is 'out of repair' is ordinarily a question of fact for the jury but such question should be decided by the court where the facts are undisputed or are such as would reasonably support only one conclusion." See *Silverthorn v. City of Chester,* 106 W.Va. 613, 146 S.E. 614 and *Taylor v. City of Huntington,* 126 W.Va. 732, 30 S.E.2d 14.

In the instant case the testimony was conflicting as to the extent of the defect in the public sidewalk. The plaintiff testified that the height of the defect was as much as two inches. Two witnesses, each of whom observed the subject defect, said that it was as much as one and one-half inches, while Mr. Horner, who measured the sidewalk

years after the accident and long after the defect had been repaired, estimated the defect to have been 74 to 94 hundredths of an inch. This testimony was not such as would support only one conclusion as to whether the walk was in a reasonably safe condition.

Furthermore, all of the circumstances surrounding this case must be considered. The accident occurred in a business district, not a remote or residential area; there were many people on the heavily traveled sidewalk; and the sidewalk was in good condition except for this defect which the jury had a right to believe was as much as two inches high. A pedestrain in these surroundings, with people walking close in front of and behind him, could not be expected to watch the sidewalk for this condition of disrepair. Such circumstances at least give rise to a jury question as to whether the sidewalk is out of repair within the meaning of the aforesaid statute.

The defendant contends that the defect, being "noticeable and apparent" should have been observed by the plaintiff, and her failure to avoid injury therefrom constituted negligence as a matter of law. This appears to be inconsistent with the defendant's principal contention that the defect, as a matter of law, is too inconsequential to give rise to liability under the statute. It is our opinion that this contention is without merit. Considering the busy area, the number of people and all of the circumstances surrounding this case, the question of contributory negligence was for jury determination. The jury obviously failed to find that the plaintiff was guilty of contributory negligence and such finding should not have been disturbed.

In view of the circumstances revealed by the evidence in this case and of the authorities cited and quoted herein, we are of the opinion that the issues presented on the trial of this case were properly for jury determination and that the court erred in setting aside its verdict. The judgment of the Circuit Court of Harrison County is

reversed and the case is remanded with directions to reinstate the jury verdict.

*Reversed and remanded.*

Judges Haden and Kessel did not participate in the consideration or decision of this case.