No. 22-625 –   *Denise Orso v. The City of Logan, West Virginia*

**FILED**

**March 15, 2024**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Hutchison, dissenting:

I join Justice Wooton in dissenting from the majority's opinion.   Justice Wooton correctly points out that our law is clear: if facts about the foreseeability of a plaintiff's injury are disputed, or if different conclusions can be drawn about the existence and extent of the defendant's duty to protect against that injury, then resolution of those disputed facts or interpretations is for a jury, not a judge.   Both the circuit court and the majority opinion ignored this black-letter principle of the law and wrongly substituted their own spin on the facts.

I dissent separately to emphasize that the circuit court and majority opinion also ignored a statutory duty imposed upon cities to mitigate trip hazards on sidewalks. West Virginia Code § 17-10-17 (1969) imposes a duty of care upon cities to repair and maintain their sidewalks.[1]  Cities that, through their negligence, fail to abide by the statute

---

[1] West Virginia Code § 17-10-17 provides, in part:

Any person who sustains an injury to his person or property by reason of any road or bridge under the control of the county court or any road, bridge, street, alley or sidewalk in any incorporated city, town or village being out of repair due to the negligence of the county court, incorporated city, town or village may recover all damages sustained by him by reason of such injury in an action against the county court, city, town or village in which such road, bridge, street, alley or sidewalk may be, except that such city, town or village shall not be subject to such action unless it is required by charter, general law or ordinance to keep the road, bridge, street, alley or

1

and fail to keep their sidewalks clear, safe, and in good repair may be held liable: "This statute specifically provides a right to recover damages for those injured." *Benson v. Kutsch*, 181 W. Va. 1, 7, 380 S.E.2d 36, 42 (1989). *See also*, *O'Neil v. City of Parkersburg*, 160 W. Va. 694, 700, 237 S.E.2d 504, 508 (1977) ("W.Va.Code, 1931, 17-10-17, as amended, . . . unequivocally gives one the right to sue a city if he is injured by its negligence[.]").

We have interpreted West Virginia Code § 17-10-17 as creating questions of fact in almost all cases. We said in Syllabus Point 2 of *Watkins v. City of Clarksburg*, 155 W. Va. 894, 895, 190 S.E.2d 1, 2 (1972), that "[w]hether a street or sidewalk is out of repair within the meaning of Code, 1931, 17-10-17, as amended, is ordinarily a question of fact for the jury[.]" Where "there is a conflict in the evidence as to the existence and extent of a defect in a public sidewalk, it is a question of fact whether such sidewalk is in a reasonably safe condition for travel." Syl. pt. 3, *id*.

Aside from a passing mention of West Virginia Code § 17-10-17 in a footnote, the majority opinion ignores this duty imposed by the Legislature upon the defendant City of Logan. The City had a statutory duty, within reason, to inspect, maintain and repair its sidewalks to eliminate trip hazards. A wire or cable looped around a post, laying in a pile on the ground, on a City sidewalk, would appear to be just such a trip

sidewalk therein, at the place where such injury is sustained, in repair.

2

hazard. Of course, West Virginia Code § 17-10-17 is clear that liability depends upon proof the City was negligent. This Court has often said that negligence simply means "that the defendant has been guilty of some act *or omission* in violation of a duty owed to the plaintiff." Syl. pt. 1, *Parsley v. Gen. Motors Acceptance Corp.*, 167 W. Va. 866, 280 S.E.2d 703 (1981).

The circuit court below, as well as the majority opinion, interpreted the facts and concluded that there was no evidence the City knew or should have known that the wire was on the sidewalk causing a potential hazard. The gist of this conclusion was that it was the Church adjacent to the sidewalk which installed the post and cable, and not the City. Since the City did not install the post and wire loop, and did not control the post and wire, it could not know whether the coiled loop was a hazard. I dissent because the record can also be interpreted to find that the City never found the wire hazard *because it never looked.* A jury could easily conclude it was the City's omission, its failure to properly inspect, its apparent willful blindness to the wire, that caused the plaintiff below to get entangled in the coiled wire, fall, and be injured.

In sum, I dissent to the majority opinion's avoidance of the clear application of a statutory mandate on the City. Whether the City negligently violated its statutory duty to maintain and repair its sidewalk in this case was a question for a jury.