PETROPLUS, JUDGE:
The claimant, Leo R. Harrah, of Nitro, West Virginia, alleges damages in the amount of $20,000.00, by reason of injuries sustained by him on March 16, 1969, when he fell stepping down from a bus on a bridge owned and maintained by the West Virginia Department of Highways over Boggs Creek, in the City of Rainelle, West Virginia. The uncontroverted material facts developed at the hearing are as follows:
The claimant was employed as a driver by the Greyhound Corporation, and was driving his bus through the City of Rainelle at night on a journey from Lexington, Virginia, over U. S. Route 60, when engine trouble developed in the bus. He drove in low gear until he came to the City of Rainelle, made a stop at a bus station in a drag store there and called for another bus to take over his passenger load. Proceeding over the westerly part of the bridge to discharge his passengers, he stopped and then stepped down from the bus, striking his foot on a piece of steel which protruded above the level of the sidewalk on the bridge, lost his balance and fell, suffering injuries for which damages are claimed herein. The largest item of damages is the loss of. wages amounting to $4,459.22. It appears that his left foot stepped on an angular piece of steel which extended about three inches above the level of the sidewalk on the bridge. The concrete of the sidewalk had deteriorated in such a manner that it crumbled away, leaving a protruding piece of steel projecting vertically from the sidewalk. The claimant also sustained damages for medical and hospital bills and experienced considerable pain and suffering as the result of the accident.
*243 Respondent admits that U. S. Route 60, which runs through the incorporated town of Rainelle, is a part of the State Highways System and that the bridge in question is maintained by the respondent, but takes the position that the duty of keeping the sidewalk in repair is not on the respondent but rather on the town of Rainelle. Consequently, respondent denies all liability in the matter. The theory of respondent’s defense is that the law does not require the State to maintain and keep sidewalks in repair on roads that are a part of the State Highways System, and that the duty to repair and maintain the roads is confined to the vehicular traveled part of a highway. The respondent further takes the position that even though it might have a duty to keep the bridge in question in repair and safe for travel, since the bridge is in the City of Rainelle, and the City Charter and Ordinances of the village impose a duty on the village to keep, its sidewalks in repair, the claimant must look to the City of Rainelle exclusively for relief.
The sole issue in this case is whether the West Virginia Department of Highways had a duty to keep the sidewalk in repair on the bridge in question. Whether the City of Rainelle had a similar duty is irrelevant to the main issue.
There is no question that the sidewalk had deteriorated and constituted a hazard, especially to those walking thereon at night. The evidence in this case does not support any defense of contributory negligence or assumption of risk. The bus driver had a right to stop his bus on the bridge, and the further right to assume that when he stepped off the bus in the dark he would be stepping down on a safely maintained sidewalk.
It is the finding of this Court that the sidewalk is an integral part of the bridge crossing Boggs Creek, and that the State’s duty of keeping the bridge in a reasonably safe condition for travel also extended to the sidewalk. Any obstructions thereon or defects which may cause injury to travelers would be actionable if the Department of Highways were guilty of negligence. The case of Burdick v. Huntington, 133 W. Va. 724, 57 S.E.(2d) 885 (1950) held that the user of the sidewalks of a town has a right to assume that the sidewalks of the town are reasonably safe for ordinary travel, and it is not necessary that the user keep his eyes continuously on the sidewalk. The State is not held to the doctrine of absolute liability as a municipality may be held under the statutes of this State. The claimant has a cause of *244 action for breach of the duty to keep the sidewalk in repair and free from obstructions which rendered it dangerous to persons using it with ordinary care in the usual mode of travel.
Chapter 17, Article 4, Sections 26 and 27 specify that State highways and bridges, so designated by the State Road Commissioner as part of the State Road System, include bridges or streets within a municipal corporation. The words “bridge” and “street” are used disjunctively in these Sections. Appalachian Electric Power Co. v. State Road Commission, 117 W. Va. 200, 185 S.E. 223 (1936). Although the case of Smith v. Bluefield, 132 W. Va. 38, 55 S.E. (2d) 392 (1948) held that the word “street” as used in these Sections relates only to the designated municipal thoroughfares which are devoted to vehicular traffic, and not to “sidewalks”, it is the opinion of the Court that the duty imposed on the State Road Commissioner to maintain bridges as part of the primary road system at the expense of the State does include a duty to maintain the sidewalks on the bridges, which are an integral part of the structure.
The meaning of the term “street” in a statute is determined by the context, and the word “street” taken from a statute, isolated from its context, could be interpreted to include or not to include a sidewalk. We do not consider Smith v. Bluefield controlling in its construction of the word “street”.
In a former opinion of this Court, Bowman v. State Road Commission, Volume 3, page 11, W. Va. Court of Claims, this Court made an award to an infant who stepped on a board which broke on a sidewalk on the Third Avenue Bridge on State Route 2 in the City of Huntington. The claim was approved by the Attorney General’s office and payment was recommended by the State Road Commission.
This case has given the Court considerable difficulty, and the research of West Virginia decisions has not been helpful because of the unusual circumstances of this case.
For the foregoing reasons, the Court is of the opinion to and does hereby make an award to the claimant of $6,000.00 which will reasonably compensate him for his medical expenses, loss of wages and the pain and suffering resulting from the accident.
Award of $6,000.00.