RULEY, JUDGE:
This case involves a claim for damages for personal injuries which the claimant sustained when, while as a pedestrian walking across a one lane bridge, she stepped in a hole in the bridge floor. At the time and place of the accident, it was dark and raining.
Other facts of the case are as follows. The accident happened at about 7:00 P.M. on Sunday, November 30, 1975. At the time of the accident, the claimant was on her way from her home to church. The bridge in question is part of a secondary route and crosses Cobb’s Creek in McCorkle, Lincoln County. It is a steel frame bridge about thirty-five feet long and fifteen feet wide with a wood floor. Although the bridge was commonly used by both vehicular and pedestrian traffic, there was no artificial lighting on the bridge. The claimant was walking across her right side of the bridge. Ronald D. Holstein, Jr., a young man or boy who was some distance in front of the claimant cautioned her to watch out for the hole and, with her next step after that admonition, her right foot and leg went through the hole striking some unidentified object about eight inches below the surface as it descended until her right foot struck a beam upon which it stopped. The evidence warrants the inference that the hole had existed for a substantial time, perhaps as much as a month. The claimant had not traveled across the bridge since the month of October and was not previously aware that the hole existed.
From the foregoing facts, it is apparent that the respondent was guilty of negligence which was a proximate cause of the claimant’s injury and that the claimant was not guilty of any contributory negligence. The case falls within the purview of and is similar to Harrah v. Department of Highways, 9 Ct. Cl. 242. Accordingly, this claim should be allowed.
*182 Turning to the issue of damages, the evidence shows that the claimant was 41 at the time of the accident. Her principal injury was a puncture wound in the lower tibial area of her right leg which required little medical treatment and which healed uneventfully with the only residual being a scar. She incurred medical expense in the sum of $68.15 and lost one week’s wages in the sum of $194.00 from her employment at the Hamlin Office of the U.S. ■Department of Agriculture. In view of these facts, the Court is of the opinion that the sum of $750.00 will be a fair and just compensation for the injuries sustained by the claimant and does hereby make an award in that sum.
Award of $750.00.